## AMOS THOMAS vs. THE STATE OF MISSOURI.

An appeal from the judgment of a Justice on a conviction for an assault and battery, must be perfected on the day of trial.

## APPEAL from Chariton Circuit Court.

CLARK, *for Appellant, contends:*

That the Circuit Court erred in refusing to grant the rule upon the Justice, upon the application of Thomas ;—the affidavit showed the Justice had not made a correct return, and the only way to correct it was by rule. The errors in the record of the Justice are set out in the motion, and sworn to by the appellant. It is also contended that the Court ought to have permitted the appellant to file a new bond and affidavit after the Court refused the rule upon the Justice. Rev. Statutes of 1835, p. 374. 4th Mo. Rep. 28. Jones vs. Davis.

*Thomas vs. The State.*

STRINGFELLOW, Attorney General, *for the State.*

1st. The affidavit and recognizance of the defendant, made before the Justice, are insufficient. See Rev. Code, 1835.

2nd. The appeal was not taken and perfected on the day on which judgment was rendered. Cox vs. State. 9th Mo. Rep. 181.

3rd. The Circuit Court had no power to permit a new recognizance and affidavit to be filed in that Court. Cox vs. State. 9th Mo. Rep. 181. Stat. 1835.

McBRIDE, J., *delivered the opinion of the Court.*

This was a prosecution commenced before a Justice of the Peace in Chariton County, on the 8th October, 1844, against the defendant for an assault and battery, committed on the person of one Humphrey Adams. A trial was had on the 10th of the month before a jury, when the defendant was found guilty, and a fine of $50 was assessed against him, on which the Justice rendered judgment. On the same day the defendant asked for an appeal to the Circuit Court, and tendered his bond, which being adjudged insufficient by the Justice, was rejected. On the next day the defendant tendered another bond, which being approved of by the Justice, an appeal was granted to the Circuit Court.

In the Circuit Court, at the May Term, 1845, the Circuit Attorney filed his motion for an affirmance of the judgment of the Justice, for the reason (among others,) " because the appeal was not taken and perfected on the day of the rendition of the judgment by the Justice."

Before a disposition of the motion, the defendant filed an affidavit and motion, praying for a rule against the Justice, to show cause why he should not amend his return, in conformity with the facts, as they occurred on the trial. The statement in the affidavit is, that on the day of the trial before the Justice, and after the rejection of the first recognizance bond offered by the defendant, the Justice informed him, that all further proceedings in the cause would be suspended until the next day.

The Circuit Court overruled the defendant's motion for a rule against the Justice, and sustained the motion of the Circuit Attorney for an affirmance of the judgment;—thereupon the defendant appealed to this Court.

The defendant's attorney relies upon the right of the defendant to give his appeal bond on the day after the trial, or, to perfect his appeal by giving his bond, in the Circuit Court.

These two questions have been considered and determined by this Court in the case of Cox vs. The State, 9 Mo. R. 181.

The judgment of the Circuit Court is affirmed.

