### Adolphus F. Buddenburg v. Valentine Benner.

It is not necessary that a guest at an inn should keep his room locked at all times during his absence, to entitle himself to protection against robbery, and to make the inn-keeper liable to him for loss from such a cause.

Where a boarder at a public-house took a friend to his room, who stayed there all night, and the evidence showed that they were together the next day, during which time the guest was robbed of his clothes from his room in the hotel; held, that he was not thereby prevented from recovering from the inn-keeper the value of the goods so stolen.

Appeal from a judgment of a justice of a district court. This action was brought by Adolphus F. Buddenburg, as assignee of John Wendlandt, against Valentine Benner, to recover for the loss of clothing stolen from Wendlandt's room, while a

guest at the Monte Christo, a boarding-house kept by defendant.

On the trial it appeared that the defendant kept a boarding-house, and plaintiff's assignor was one of his boarders. On the day of the theft, at about 7 o'clock in the morning, Wendlandt left his room, locking it, and leaving the key with the bar-keeper employed by defendant. There were two locks upon the door; but he locked one only. The key was afterwards given to the servants of the house, to enable them to clean the room. At about 7 o'clock in the evening, Wendlandt returned to his room and found the clothing in question had been taken from it during his absence.

It also appeared that, on the night previous, Wendlandt brought a fellow-workman, Lubin by name, to sleep with him. Lubin slept in the room that night, left in company with Wendlandt in the morning, worked in company with him that day, and came back with him at night.

The justice rendered judgment in favor of the plaintiff, and defendant appealed.

*Joseph Lux*, for the appellant, contended that plaintiff had been guilty of negligence; 1st, in locking only one lock; 2d, in bringing Lubin home to sleep with him. *Brown* v. *Maxwell*, 6 Hill, 592; *Kreig* v. *Wells*, 1 E. D. Smith, 74.

*F. Sayre*, for the respondent.

INGRAHAM, FIRST JUDGE.—There is nothing in this case to warrant the charge of negligence on the part of the plaintiff so as to prevent his recovering.

It is not necessary that a guest should keep his room locked at all times, so as to entitle himself to protection against robbery. But in this case the evidence shows that he did lock the room on leaving it, and that the key was left with the landlord's bar-keeper. He did all that was necessary for his protection. The key was afterwards given to the servant and no further account

is given of it, and the natural presumption is, that the robbery was perpetrated after that time.

Nor was there any ground for imputing the theft to the person who staid with the guest that night. The evidence shows that he left with the guest in the morning, when the room was locked up, and was in his company during the day, and after they returned to the house they were informed of the theft.

There is no reason for interfering with the judgment on either of the grounds stated by the defendant's counsel.

Judgment affirmed.