OLIVER C. KELSEY

*v.*

WILLIAM S. BERRY.

42  469
75a 105

1. INNKEEPERS — *liability for lost baggage.* Innkeepers are liable for the baggage of guests put in their charge, when lost without any fault on the part of the owner.

2. But if the owner, on entering a hotel, allows another to exercise acts of ownership over his baggage, without informing the landlord that the baggage is his, and it is afterward carried away by such other person, this is gross negligence on the part of the owner, and releases the landlord from any liability for the loss.

APPEAL from the Circuit Court of Morgan county; the Hon. DAVID M. WOODSON, Judge, presiding.

The facts sufficiently appear in the opinion of the court.

Messrs. CASE & STRYKER, for the appellant.

Messrs. MORRISON & EPLER, for the appellees.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was a suit brought before a justice of the peace to recover the value of a valise alleged to have been stolen while the plaintiff was a guest at the hotel of the defendant. On the trial in the Circuit Court the plaintiff, to prove the loss, called the constable who served the original summons upon the defendant, and proved what was said by him on that occasion. From this it appears that "appellee came to his hotel in a stage about supper time. Stage drove up to the door about 6 o'clock P. M., and appellee handed down from the stage the valise to one of the porters; that the porter placed the valise on the sidewalk near the door of the hotel; that there were several passengers in the stage, one of whom was a soldier; that, after the passengers descended from the stage, and when the said porter was on the steps of the hotel, either just outside or inside the door, with said valise, the soldier claimed said valise as his property, and ordered the porter to carry it into the hotel; that appellee stopped at his house and got his supper, then went away, and did not return till the next morning, when he paid for his supper the night before; that the soldier took the valise when he left that night."

It appears from the evidence of the clerk, that, after the valise was brought into the office by the porter and left outside the counter, the soldier complained of his baggage being left there, and took the valise and placed it behind the counter. When he left in the evening he called for it and took it away.

The court instructed for the plaintiff as follows:

"The court instructs the jury for the plaintiff, that, if they believe, from the evidence in the case, that the plaintiff had possession of the baggage in question, and delivered the same to the defendant, or to any one acting for him, and the same

was received into the Mansion House hotel in Jacksonville, and that said hotel was at that time kept by the defendant; and, if they further believe, that said plaintiff stopped at said hotel, then the plaintiff was the guest of the defendant, and the defendant was responsible for the safe-keeping of said baggage, and its return to the plaintiff; and, if they further believe, that said defendant afterward failed to deliver said baggage to the plaintiff on demand, that defendant is liable for the value of said baggage as shown by the evidence in the case."

This instruction announces a correct principle of law, but, as no instructions were given for the defendant, this should have been qualified, in reference to the facts, by further telling the jury, that, if the plaintiff knowingly allowed the soldier to claim the valise, and exercise acts of ownership over it, at and in the hotel, without interference, or informing the landlord that the valise belonged to the plaintiff, then they must find for the defendant. If such was the fact, as at least indicated by the evidence, the loss is directly attributable to the gross negligence of the plaintiff. The judgment is reversed, and the cause remanded.

*Judgment reversed.*