By the Court:

Jones, J.
It was not contested at the argument (as indeed it could not well have been), but that defendants were innkeepers, and the plaintiff was their guest.
But on behalf of the defendants it was urged that the not locking the door was an act of negligence on the part of the plaintiff, and that the loss is attributable to that negligence, and therefore the defendants were not liable.
On the part of the plaintiff it was claimed that the not locking the door was not an act of negligence, or if it was, it was not such negligence as relieved the defendants from liability.
It was also claimed that in no aspect could a judgment for the board bill be had in this action.
These respective claims present the only matters that were argued and submitted for the decision of the court.
It may now be considered the law of this State (where no question arising out of statutory law is involved), that an innkeeper will be discharged from liability for a loss when it is attributable to the negligence, fault, or fraud of the guest, or to the act of God, or the public enemy, and perhaps to superior force; and that it is only in these exceptional cases that he can be discharged (Hulett v. Swift, 33 N. Y., 574; Purvis v. Coleman, 21 N. Y., 111).
This I understand to be also the common law of England *711 (Moore, 78, read in connection with Saunders v. Spencer, Dyer, 266 B., Cayle’s case, Coke, 8th part, p. 63, 4th vol.).
The question, however, is, what constitutes such negligence in the guest as will discharge the innkeeper ?
It was long ago held in England that a plea to the effect that the innkeeper required the guest to lay his goods in a certain room within the inn under a lock and key provided for that purpose, and warned the guest that if he would do so he would warrant them safe, otherwise not, but that notwithstanding the guest laid them at loose in an open court where they were stolen by his own default, was good on demurrer to the plea.
On a former occasion defendant’s counsel endeavored to raise the point by demurrer to the evidence, but the court put him to nis plea that the loss was occasioned by the fault or negligence of the plaintiff (Moore, 78).
He did so plead with the result as shown in Dyer, where it was held that the non-compliance by the guest with a reasonable requirement of the innkeeper was such negligence on his part as to exonerate the innkeeper from a loss caused thereby.
This is the point ruled in Purvis v. Coleman, supra.
The precise point presented in the case at bar is whether the bare fact that the guest receives a key of his bedchamber and omits to make use of it, constitutes such fault or negligence on his part as to relieve the innkeeper from liability for goods stolen from the room while the door was unlocked.
In Gayle’s case (cited supra) it was distinctly held that it did not.
In Maule v. Selwyn (4th vol., p. 306), although the innkeeper was relieved upon considerations not here appearing, yet the rule in Gayle’s case was fully approved.
Gayle’s case has not, thus far, been overruled or questioned in this State.
Hor do I perceive any reason why it should be.
The doctrine of the case was, that the sole object of the giving to, and acceptance by the guest of the key of his chamber (there being no attendant circumstances to show a different one), was *712 to enable him to secure privacy at his pleasure; that the entrance of thieves or suspicious characters into the inn without the knowledge or consent of the innkeeper, was to be provided against by the outer door, which was under the care and control of the innkeeper, and which it was his duty so to keep, so as to prevent such entrance; while as to those guests who obtained admission with the knowledge and consent of the innkeeper, as well as to the servants, it was his duty to see that they were not thieves or suspicious characters, and if he entertained doubts as to their character to take proper precautionary measures to preserve his other guests from loss; and that guests had a right to rely on the faithful performance of these duties by the innkeeper, and to believe that they might repose in security in their chambers with unlocked doors, and that no necessity existed for locking the doors except for the purpose of securing privacy when they might desire it.
There is no reason to be derived from the present state of society, civilization, travel, and commerce, why the doctrine should not still hold good.
The only reason why a guest should be held guilty of negligence in not locking his door is because it is easier to rob a room the door whereof is unlocked, than one the door of which is locked. This reason existed at the time of Gayle’s case, and it is no more apparent to courts and guests at this present day than it was then.
I fully concur in the opinion of Judge Porter (Hulett v. Swift, 33 N. Y., p. 573), that the considerations of public policy in which the rules fixing the liabilities of innkeepers for the loss of a guest’s goods had their origin, forbid any relaxation of this rigor.
Upon the facts of this case I think the plaintiff is entitled to recover; and that the complaint was erroneously dismissed.
The remaining question is, whether the defendants can in any way use in this action the board bill due from plaintiff.
The complaint is as follows :
“ The plaintiff, for a cause of action against the defendants, in and by this his complaint alleges and avers:
*713 “ First.—That at the times hereinafter mentioned the defendants were copartners in the business of hotel and inn-keeping in the city of Hew York, and were the keepers of a common inn in the said city of Hew York, known as the Hotel Jegel, situated at Ho. 47 Barclay street in said city.
“Second.—That on or about the 13th day of December, 1868, this plaintiff was received by the said defendants into their said inn as a traveller and guest, with baggage containing his clothing,
“ Third.—That the defendants and their servants, so negligently and carelessly conducted' themselves in regard to the same that while he so remained at said inn as a guest as aforesaid, and on or about the night of the 17th of December, 1868, the said room of the plaintiff was entered by some person or persons to this plaintiff unknown, and a valuable gold watch, the property of this plaintiff, together with a gold chain and two dollars in United States currency was taken away from the said room, and thereby the same became wholly lost to the plaintiff, to his damage of $212, and the interest on the same from the 17th day of December, 1868.
“ Wherefore the said plaintiff demands judgment for the sum of two hundred and twelve dollars, with the interest on the same from the 17th day of December, 1868, besides costs of suit.”
The defendants by their answer allege:
“Fifth—The said plaintiff is justly indebted to them for board and lodging during the time he continued at their house in the sum of $22.76, which sum they claim to recoup or set off against any claim the said plaintiff may establish against them on the trial of this action.”
The complaint is in form an action ex delicto on the case (1 Chitt. Pl., pp. 132-134; 2 Chitt. Pl., p. 668).
The defendants, therefore, cannot set off the board bill. They have not pleaded it as a counter-claim. But they can recoup it. They occupy the position of bailees of the goods; and the principle of Hoy v. Reed, decided by the General Term of this court (Stearns v. Marsh, 4 Denio, p. 227, and Edwards on Bailment, p. 213), is applicable.
*714 But as a recoupment they can only have it go in reduction of such damages as plaintiff obtains; they cannot have a balance certified in their favor.
The judgment in favor of defendants for the board bill was erroneous.
Judgment reversed and new trial ordered, with costs to the appellant to abide the event.