HENRY A. BATTERSON, Appellant, *v.* JOHN C. VOGEL, EXECUTOR, Respondent.

April 12, 1881.

1. An inn-keeper is liable for a loss of his guest's goods not occasioned by the latter's negligence, the act of God, or the public enemy.

2. That a guest is provided with facilities for fastening his door which he does not use, is not proof of negligence which will discharge the inn-keeper from liability for loss of the guest's property.

3. That the guest has means furnished him for securing himself which he fails to use, is a fact which, with other circumstances of the case, should be left to the jury.

4. The question in such a case is, whether the loss would have occurred if the plaintiff had used the ordinary care which a prudent man might reasonably be expected to take.

5. Unless good ground for it appears, an instruction that if the jury believe that a witness has knowingly sworn falsely as to any material fact they may disregard his entire testimony, should not be given.

6. When a cause has been reversed because of the admission of certain testimony, the error in admitting the same testimony again is not necessarily cured by withdrawing it from the jury by an instruction.

APPEAL from the St. Louis Circuit Court, BOYLE, J.
*Reversed and remanded.*

ALLEN & CASTE, with whom is L. B. VALLIANT, for the appellant: That the guest fails to lock his door will not relieve the inn-keeper from liability.—*Coyle's Case*, 8 Cow. 32; *Burgess* v. *Clements*, 4 Man. & Sel. 316; *Classen* v. *Leopold*, 2 Sweeny, 705: *Hulett* v. *Swift*, 33 N. Y. 573; *Cashell* v. *Wright*, 6 El. & Bl. —; *Filipwoski* v. *Merriweather*, 2 Fost. & Fin. 285; *Mitchell* v. *Woods*, 16 L. T. (N. S.) 676; *Oppenheim* v. *White Lion*, L. R. 6 C. P. 515; *Buddenburgh* v. *Benner*, 1 Hilt. 84. Unless the occasion requires it, it is error to warn the jury by an instruction against false swearing. — *Iron Mountain Bank* v. *Murdock*, 62 Mo. 74; *White* v. *Marcy*, 64 Mo. 559.

W. H. H. RUSSELL and BROADHEAD, SLAYBACK & HAEUSSLER, for the respondent: A new trial will not be granted because incompetent testimony was allowed to go before the jury, which was afterwards taken from their consideration by a proper instruction.—*Fitzgerald* v. *The State*, 14 Mo. 413. "Where there is testimony tending to show negligence, it is for the jury, and not for the judge, to determine the question of proper care."— *Sioux City R. Co.* v. *Stout*, 17 Wall. 657. "A want of ordinary care on the part of the guest will relieve the inn-keeper."—*Jalie* v. *Cardinal*, 35 Wis. 118.

BAKEWELL, J., delivered the opinion of the court.

This is an action for the value of certain money and jewelry, worth altogether $275, alleged to have been stolen from plaintiff whilst a guest in a hotel kept by defendant's testator, in St. Louis. The answer was a general denial, and that the loss was occasioned by the negligence of plaintiff.

There was evidence tending to show that the lock of plaintiff's room was a complicated lock, working with a key

outside, and with a thumb-screw inside. The thumb-screw required three turns thoroughly to lock the door. Every turn made a distinct click of the lock. Plaintiff testified that he turned the thumb-screw, and thought he had locked the door, when he went to bed. Whether the door was really locked, does not appear; there was some testimony tending to show that the lock was out of order. That the property was taken from the room during the night appears from uncontradicted testimony. There was evidence tending to show every fact essential to a recovery. There was a verdict and judgment for defendant.

The court gave the following instruction at the instance of defendant: —

" The court instructs the jury that although you may believe and find from the evidence that the plaintiff lost the money and property described in the petition at the said hotel, yet if you further believe and find from the evidence that the plaintiff did not safely lock or secure the door to his room, and by reasonable care and prudence he might have done so, and by reason of said negligence the loss occurred, you will find for the defendant."

We know of no rule of law discharging the inn-keeper if it be shown that the guest might have locked his door and did not do so. There is a statute to that effect in New York; but it is in derogation of the common law. We have no such statute. The liability of an inn-keeper, though not precisely the same, is analogous to that of a common carrier, so far as it is not modified by statute; and the reasons for the liability are the same. It is quite clear that a guest at an inn is not bound to keep his room constantly locked, in order to entitle him to recover for the loss of his goods. *Buddenburg* v. *Benner*, 1 Hilt. 84; *Huntington* v. *Drake*, 24 Ind. 348; *Classen* v. *Leopold*, 2 Sweeny, 705; *Filipwoski* v. *Merriweather*, 2 Fost. & Fin. 285; *Mitchell* v. *Woods*, 16 L. T. (N. s.) 676; *Morgan* v. *Ravey*,

6 Hurl. & N. 265; *Oppenheim* v. *White Lion*, L. R. 6 C. P. 515.

*Morgan* v. *Ravey*, *supra*, was a case in which the guest whose goods were taken from his room did not use the night-bolt.   The finding for plaintiff was sustained by the judges of the. Exchequer.   It was objected that the directions to the jury assumed that the defendant was liable if there was no negligence in the plaintiff, and that therefore the defendant would be liable, though not only not negligent, but diligent. As to this the court says : "But we think this is the law. It is true that the expression in the forms in tort is that the loss was *propter defectum* of the inn-keeper ; but we think the cases show that there is a defect in the inn-keeper whenever there is a loss not arising from the plaintiff's negligence, the act of God, or the queen's enemies.   The only case that points the other way is *Dawson* v. *Chamney*, 5 Q. B. 164.   According to the report of that case, however, in 7 Jur. 1037, there was no evidence of the manner in which the horse received the injury for which the action was brought.   This may be the explanation of the case ; for, though damage happening to the horse from what occurred in the stable might be evidence of *defectus* or neglect, it was not even shown that it arose from what occurred in the stable.   This would reconcile that case to the general current of authorities."

The case of the inn-keeper is this : He is *prima facie* liable for the loss of his guest.   He may show that he was diligent and that the guest was negligent ; but, though ever so diligent, he is liable for the loss of goods of his guest not arising from the negligence of the guest, the act of God, or public enemies.   Where one does not come to an inn *causa hospitandi*, or it appears that he received a key, not for the purpose of securing privacy, but to secure goods that he was exhibiting in a room of the inn, and took the key for the purpose of guarding his goods himself and of

exonerating the inn-keeper, as in *Burgess* v. *Clements*, 4 Mau. & Sel. 305, another case is presented. But where one is in an inn as a guest, and has the means of securing the door, the mere leaving the door of his private room unlocked is not negligence that relieves the inn-keeper, even though the latter has given the guest a key.

The fact of the guest having the means of securing himself and not choosing to use them, is one which, with the other circumstances of the case, should be left to the jury. It should not be singled out and put to the jury as a test of negligence. The question is, whether the loss would or would not have happened if the plaintiff had used the ordinary care that a prudent man might reasonably be expected to have taken under the circumstances. *Oppenheim* v. *White Lion*, L. R. 6 C. P. 515 ; Whart. on Neg. 691. The jury are not to be told that, if by reasonable care the plaintiff might have locked his door and did not do so, this is such negligence as to exonerate the inn-keeper, if the loss occurred through leaving the door unlocked.

The court also told the jury that if they believed from the evidence that plaintiff knowingly testified falsely as to any material fact, they might disregard his entire evidence. We see nothing in plaintiff's testimony to warrant this instruction ; and it is an instruction which should never be given unless good ground for it appears. *Iron Mountain Bank* v. *Murdock*, 62 Mo. 74 ; *White* v. *Maxcy*, 64 Mo. 559 ; *The State* v. *Stout*, 31 Mo. 406.

This case has been here before, and was then reversed on the ground that actual notice that a safe was provided for valuables will not relieve the inn-keeper from liability where he has not strictly complied with the statute. The same evidence which we declared to be incompetent in our former opinion was admitted against defendant's objection on the second trial. It was taken away from the jury at the close of the case, by an instruction. It would have been safer not to admit it at all.

The judgment must be reversed and the cause remanded, and it is so ordered. Judge Thompson concurs; Judge Lewis did not sit.