MERLE D. SMITH *vs.* THORKILD WILSON.

January 6, 1887.

New Trial—Objections to Verdict—Variation in Testimony on Second Trial.—Verdict *held* justified by the evidence, although the testimony upon which it rests was shown to have been in some respects different from that given upon a former trial.

Innkeeper — Liability for Loss by Guest — Contributory Negligence — Statutory Requirements not Complied with.—For a guest at a hotel to retain the sum of about $500 in a belt upon his person while sleeping in a room by himself is not to be declared negligence, as a matter of law, even though the bolt on the door of the room could be opened from the outside by means of a wire; it being in controversy whether the innkeeper had complied with the statutory conditions so as to have relieved himself of his common-law responsibility.

Same — Common-Law Liability not Limited in Amount.—The common-law liability of an innkeeper, in respect to the money of his guest, is not limited to such an amount as might be necessary for travelling expenses.

Appeal—Error not Properly Presented—Argument to Jury.—Alleged impropriety in the remarks of an attorney in argument to the jury will not be considered as ground of error, when presented by affidavit merely, and not as part of a settled case or bill of exceptions.

Plaintiff brought this action in the district court for Ramsey county, to recover $495, which he alleged had been stolen from him while a guest in defendant's hotel in St. Paul, and while he was asleep in his room, the door of which he had bolted, the bolt however proving insecure. The answer put in issue the averments of the complaint, and alleged that plaintiff had complied with the statutory conditions of exemption from liability by providing a sufficient safe and keeping posted the statutory notice, and providing locks and bolts for all room doors, etc.

At the trial before *Wilkin*, J., the plaintiff had a verdict for the full amount claimed. · The defendant moved for a new trial on the ground that the verdict was not justified by the evidence and for misconduct of the prevailing party, supporting this last ground by the affidavit of defendant as to improper and prejudicial comments of plaintiff's attorney, in his closing address to the jury, concerning the character of defendant's hotel. These remarks of counsel, however, did not appear in the settled case. The motion was denied, and the defendant appealed.

*O'Brien & O'Brien*, for appellant.

*C. D. O'Brien*, for respondent.

DICKINSON, J. The point that the verdict was not justified by the evidence presents the question whether it is apparent, upon the review of the case, that the testimony of the plaintiff as to the possession of the money alleged to have been taken from his person, and as to the fact of the robbery, was unworthy of belief by the jury. If it was credible, it clearly justified the verdict. Its most apparent infirmity was that in some important particulars it was different from the testimony of the same witness upon a former trial, as to the sources from which he received the money. The discrediting facts, which the testimony of the plaintiff tended to explain away, were properly placed before the jury for their consideration. They are not sufficient to justify us, upon a review of the record, in setting aside the verdict which the trial court has refused to disturb.

There is nothing in the alleged negligence of the plaintiff which was not clearly subject to the determination of the jury upon the evidence. The fact that, sleeping in a room at the hotel occupied

only by himself, the plaintiff retained the sum of $495 in money secured in a belt around his body, was not such conduct as should be deemed negligence as a matter of law, although the bolt of the door to his room could be opened with a wire from the outside.

The evidence went to show, and after verdict it must be taken to have been the fact, that the defendant had not complied with the statutory conditions so as to have protected himself from the common-law liability of innkeepers. The responsibility of the innkeeper in respect to the money of his guest was not limited to such an amount as was necessary for the guest's travelling expenses. *Armistead* v. *Wilde,* 17 Q. B. 261; *Berkshire Woolen Co.* v. *Proctor,* 7 Cush. 417; *Wilkins* v. *Earle,* 44 N. Y. 172; *Quinton* v. *Courtney,* 1 Hayw. (N. C.) 40; Redf. Carr. 598–605; *Pinkerton* v. *Woodward,* 33 Cal. 557, 600.

The alleged impropriety in the remarks of the respondent's attorney in his argument to the jury has not been shown by the settled case, and will not be considered upon affidavit merely.

Order affirmed.