MICHAEL J. MALONEY, Respondent, v. ENOS E. BACON, Appellant.

**Kansas City Court of Appeals, December 20, 1888.**

1. **Innkeeper:** LIABILITY OF, FOR GUESTS' BAGGAGE: INFRA HOS-PITIUM. Where a traveler, after turning his trunk over to a transfer company at the depot to be taken to his hotel, proceeds thither himself, and requests the innkeeper to send the trunk to his room on its arrival ; and the transfer company, in the usual and customary way, as practiced between the hotel-keeper and the transfermen, delivers the trunk on a platform in the immediate front of the hotel, where the hotel-keeper customarily received the baggage of his guests, such delivery places the trunk within the inn and renders the keeper liable for loss.

2. —— : —— : NOTICE. Notice does not necessarily imply knowledge ; and if there was customary notice of the delivery, the keeper need not actually hear or observe the notice, in order to render him liable.

*Appeal from the Buchanan Circuit Court.*—HON. O. M. SPENCER, Judge.

AFFIRMED.

*Casteel & Haynes*, for appellant.

(1) The trunk was never *infra hospitium*. 2 Kent's Com. [11 Ed.] 593, side paging ; Parsons on Cont. [7 Ed]. 155, side paging ; *Norcross v. Norcross*, 53 Maine, 263; *Clute v. Wiggins*, 14 Johns. ( N. Y ). 175 ; *Albin v. Presley*, 8 N. H. 409 ; *Packard v. Northcraft*, 2 Metcalf [ Ky.] 439 ; Story on Bailments, sec. 479, p. 437. (2) The primary meaning of notice is knowledge or cognizance. To give notice of a fact to a person is to bring it to his knowledge. The liability of innkeepers and common carriers is the same. · *Mason v. Thompson*, 9 Pick. 280 ; *Norcross v. Norcross*, above cited. That

of the latter does not attach until delivery, and in case of constructive delivery, such as leaving on a wharf, etc., notice must be given to the carrier. Story on Bailments, sec. 532, p. 513 ; Parsons on Cont. [ 7 Ed.] 178, side paging.

*Vinton Pike*, for respondent.

The trunk was *infra hospitium* when delivered upon the platform—the usual place of delivery—in the customary way, the innkeeper being notified that it would be there presently, requested to take care of it and having promised to so receive it. *Albin v. Presley*, 8 N. H. 408 ; *Norcross v. Norcross*, 53 Me. 263 ; *Dickinson v. Winchester*, 4 Cush. 120 ; 14 Cent Law Jour. 206.

ELLISON, J.—The defendant was an innkeeper in the city of St. Joseph, and the plaintiff was his guest. Plaintiff arrived at St. Joseph on a railway train, about midnight, and entered a 'bus at the depot for defendant's hotel, giving the 'bus-man, who also run a baggage or transfer-wagon, his check for his trunk. Plaintiff arrived at the hotel, registered and was assigned to a room by the night clerk. Before going to his room, he told the clerk that his trunk was following him on the transfer-wagon and to send it to his room as soon as it came, which the clerk promised to do. The trunk was not sent to the room, but was found some days after on the bank of the Missouri river, rifled of its contents. The question with us for decision is, was the trunk delivered to the defendant in such a sense as to make him liable as an inn keeper ? Defendant had constructed a platform in front of his hotel adjoining the out edge of the sidewalk, and on this platform incoming baggage had been for several years delivered by the transfer-wagon to the hotel, and outgoing baggage had been received by the transfer-wagon from the hotel. It seems to be conceded

that the delivery to the hotel, in order to be complete, must be accompanied by a halloo of "baggage" from the driver. There was an instruction offered in the nature of a demurrer to the evidence for plaintiff, and as that evidence was clearly such that the jury might reasonably infer that defendant's servants were warned of the delivery of the baggage on the platform, we must conclude it was meant to challenge the place of deposit of the trunk as not being a delivery "within the inn." The question is not without interest.

In *Piper v. Manny*, 21 Wend. 282, the plaintiffs stopped at defendant's inn with a sleigh-load of butter. The hostler, with plaintiffs' knowledge, directed the sleigh to be placed in the "yard" which was "*an open unenclosed space*, within sixteen or eighteen yards of the center of the traveled part of the highway, on the opposite side of the highway from where defendant's house was situated." A tub of butter being stolen during the night, it was held that the butter was *infra hospitium* and that defendant was liable therefor.

In *Clute v. Wiggins*, 14 Johns. 175, plaintiffs stopped at defendant's inn with a sleigh-load of wheat which was placed in an out-house appurtenant to the inn "where it had been usual for the defendant to receive loads of that description." The wheat being stolen, defendant was held liable.

In *Jones v. Tyler*, 1 Adolph. & El. 522, plaintiff drove his gig to defendant's inn on Bewdley fair-day; the "ostler of the defendant took the horse out of the gig and put him into a stable, and plaintiff carried his coat and whip from the gig into the house, and took some refreshments there. The ostler placed the gig outside of the inn-yard, in a part of the open street in which the defendant was in the habit of placing the carriages of his guests on fair-days. The gig was stolen from thence," and the decision was that it was *infra hospitium*.

In *Cayle's case*, 8 Coke 32 (1 Smith's Lead. Cas. side page 131), which contains much of the foundation of the law of the mutual relations and responsibilities of innkeepers and guests, it was held that if the guest direct that his horse be put to pasture and it be stolen, there is no liability; but if he do not so request and the innkeeper put the horse to pasture "of his own head" he shall answer if the horse be stolen.

So in *Hawley v. Smith*, 25 Wend., plaintiff, a drover with seven hundred sheep, stopped at defendant's inn, and "the sheep were put to pasture under the direction of the guest," and defendant was held not answerable as an innkeeper for their being poisoned. This from the fact that they were not within the inn.

From these authorities it may be stated that, in order to render the innkeeper liable for a loss of his guests' property, it is not essential in *all* cases, in order to be *infra hospitium*, that such property should be left within the walls of the inn, nor within the walls of buildings appurtenant and used in connection therewith, nor yet within the limits of the enclosure surrounding such buildings. 14 Cent. L. J. 206; Story on Bailments, sec. 480. Applying the principle to be deduced from the foregoing we hold that if defendant had customarily received the baggage of his guests at the platform in the immediate front of his hotel, and that plaintiff's trunk was delivered on this platform in the usual and customary way, as practiced between the defendant and transfer-men, that defendant should answer for its loss.

If I understand defendant's position, as it is made to appear from his objection to the amendment of his second instruction, it is, that notwithstanding the customary notice was given, he was yet not liable unless the jury believe he actually heard or observed the notice. The position is not tenable. Notice does not necessarily mean knowledge. There are many legal notices which do not in point of fact get home to the

party notified.   It is true in legal procedure; and so may parties agree that a certain notice or form of notice shall be given which, if followed, will be binding, though it does not actually come to the knowledge of the party notified.   Notice is not in all cases knowledge, no more than is knowledge in all cases notice.

The judgment is affirmed.   All concur.