I. H. LABOLD, Respondent, v. SOUTHERN HOTEL COMPANY, Appellant.

St. Louis Court of Appeals, October 24, 1893.

Hotels: LIABILITY OF PROPRIETOR. When the proprietor of a hotel employes a servant to receive and keep the property of guests while at meals, his liability for the default of this servant in the custody of property so received is not affected by the fact that he has also provided a check-room for the safe keeping of such property.

*Appeal from the St. Louis City Circuit Court.*—HON.
DANIEL D. FISHER, Judge.

AFFIRMED.

*Harvey & Hill*, for appellant.

*M. B. Jonas*, for respondent.

ROMBAUER, P. J.—The plaintiff is a traveling
salesman, who had frequently put up at the defendant's
hotel. The defendant had at its hotel a cloak room
where its guests deposited their overcoats and hand bag-
gage for temporary storage, receiving checks therefor;
and the plaintiff was aware of that fact. The defend-
ant had also a servant stationed at the entrance of its
dining room, who received from guests entering it their
hats and overcoats, and kept them in temporary
custody while the guests were at their meals. The
fact that this servant was in the habit of doing this
was well known to the managers of the hotel, and they
never objected to it either to their servant or to any
of the guests who thus left their overcoats in the
servant's charge. The plaintiff, arriving at defendant's
hotel one morning, registered and at once repaired to
the dining room, and, upon entering it, delivered his
hat and overcoat to the servant stationed there as
above stated. The hat and overcoat were either stolen,
or delivered by mistake to the wrong party, while
the plaintiff was in the dining room. The plaintiff
demanded reparation for the loss from the defendant,
which the defendant conceded as to the hat, but denied
as to the overcoat on the ground that the loss was the
result of the plaintiff's own negligence. The plaintiff
thereupon instituted this action, and upon its trial
recovered a judgment for the value of the overcoat.

The defendant appeals, and assigns for error the action of the court in refusing the following instruction.

"If the court, sitting as a jury, finds that the defendant had prepared a place of deposit for safe-keeping of overcoats, satchels and like personal property and apparel of its guests, in which all such property might be deposited and checks given therefor, and that plaintiff at and before the loss complained of had full knowledge of such arrangement, and that said arrangement had been made by defendant company as a means of mutual protection to the defendant and its said guests, all of which was known to plaintiff, then the court will declare the law to be, that it was the privilege of the plaintiff to avail himself of the right to deposit his said overcoat in said room of deposit so provided, and that his failure to do so amounted to such carelessness and negligence on his part which relieved the defendant from any liability on account of the loss of said property; and that plaintiff under these facts, could not recover, and will find for the defendant."

This instruction was properly refused. All the facts therein stated, if found by the court to be true, have no tendency to show that the plaintiff was guilty of any negligence which caused or contributed to the loss, much less that he was guilty of such negligence as would debar him of recovery. The fact, that the defendant had prepared a place for the safekeeping of the overcoats of its guests, does not negative the fact that it had prepared other places for that purpose likewise. On the contrary the evidence conclusively shows that the defendant had prepared another place at which the plaintiff, under the uncontroverted evidence, was justified in assuming he might leave his coat with safety.

The judgment for the plaintiff was the only admissible conclusion of law on uncontroverted facts, and hence was the only one which the court could have rendered. The judgment is affirmed. All concur.