# VICTOR M. SWANNER, Respondent, v. CONNER HOTEL COMPANY, Appellant.

### Springfield Court of Appeals, June 5, 1920.

1. **INNKEEPERS: Liable for Property of Guest not Lost Through Guest's Negligence, Etc.** An innkeeper is liable for the loss of property belonging to guests in the inn, though such property was not intrusted to the care of the innkeeper, unless its loss was caused by the guest's own negligence or by an act of God or of the public enemy.

2. ———: **Grip Left in Lobby by Guest is Within Custody of Innkeeper.** A grip set down in the lobby of a hotel and left there several hours while the owner was waiting until a room should be vacated so he could register is within the custody of the innkeeper, so as to render him liable for its loss, though his attention was not called to it.

3. ———: **Leaving Grip in Lobby Without Calling Attention to it, Held not Contributory Negligence in Law.** The fact that a guest in a hotel, while waiting until a room should be vacated so he could register, left his grip for several hours near the bell boys' bench in the lobby without having called anybody's attention to the fact, although there was a free check room maintained in the lobby by the hotel, is not contributory negligence as a matter of law.

Appeal from Circuit Court of Jasper County.—*Hon. Joseph D. Perkins,* Judge.

AFFIRMED.

*Grover C. James* for appellant.

(1) The grip was never *infra hospitium.* Innkeeper may exonerate himself from liability for loss of goods of his guest by showing that the guest has taken upon himself exclusively the control of his own goods. His liability is only coextensive with his custody and control, and his pledge of the integrity of his servants; and the question of custody and control depends upon facts indicative of intention. Vance v. Throckmorton, 5 Bush, 41, 96 Am. Dec. 327; Weisenger v. Taylor, 1 Bush, 275, 89 Am. Dec. 626. (a) When the guest does not call attention to the goods, they must be put in a place actually part of the inn and enclosed, i. e., a place where such property is usually received. But this is also subject to the exception that, if by the conduct of the innkeeper, such goods may be left in an open place with his consent, he will be responsible, the circumstances of each case to be considered independently. 14 R. C. L. 521; Albin v. Presley, 8 N. H. 408, 29 Am. Dec. 679. (2) The guest cannot recover for loss of his goods if his own negligence contributed to the loss. And in order to protect the innkeeper the negligence of the guest need not be gross. 22 Cyc. 1083-1084; Parker v. Dixon, 132 Minn. 376, 157 N. W. 583; 14 R. C. L. 533; Watkins v. Hotel Tutwiler Co. (Ala.), 76 So. 302.

BRADLEY, J.—Plaintiff, a traveling salesman, went to the Conner Hotel in Joplin about 11:30 a. m. on a certain day in May, 1919, to obtain a room as a guest. He was familiar with the hotel, having worked prior to that time for a taxicab company that had a stand in the hotel. On entering the hotel plaintiff went directly to the bell boys' bench where it was the custom to leave grips, and set his grip by the bench. On previous occasions when plaintiff was a guest at this hotel

he had seen the bell boy set his grip by this bench, and had seen the grips of other guests set by this bench. He then went to the desk and asked for a room, and there was no room vacant. He afterwards ate lunch in the hotel. After lunch plaintiff went away, but returned about 5:30 p. m. No room was vacant then, but would be "before the evening was up." After 10 p. m. plaintiff succeeded in getting a room, registered, looked for his grip, and it was gone. None of the bell boys handled his grip or knew it was there so far as the record shows. He did not call the attention of any-one connected with the hotel that he had a grip. He merely went in and set his grip where he knew it was the custom to set grips while the guest was registering and securing a room. The defendant maintained a check room in the hotel, and plaintiff knew of this fact, and knew where it was. He could have checked his grip without cost, and without inconvenience, as the check room was near the clerk's desk, and only about twenty feet from the place where plaintiff set his grip. An attendant was in the check room at the time plaintiff entered the hotel, and at all other times, ready to check plaintiff's or any other guest's grip. Plaintiff never looked for his grip, nor gave it any attention from the time he set it down until after ten o'clock that night.

The cause was tried before the court, and at the close of the case defendant demurred to the evidence, and was overruled. The correctness of this ruling is the only question here. It is conceded, or rather not questioned, that the relation of innkeeper and guest was created, and existed. The law as to an innkeeper's liability is not the same in all jurisdictions. 22 Cyc. 1081, says that the prevailing view is that an innkeeper is liable, like the carrier, for all goods of the guest lost in the inn, unless the loss happened by an act of God, or a public enemy or by fault of the owner. Supporting this view Cyc. cites many cases from various states. According to another view an innkeeper is liable only when negligent, but that he owes the highest possible

degree of care to his guest; but if such care has been exercised, and the guest's goods have been injured or lost, the innkeeper is not liable. Many cases are cited in support of this rule. The same text also says that whatever view is adopted, it is agreed that upon loss or injury to the goods of the guest being shown the innkeeper is prima facie liable, and the burden is on him of establishing such facts as will exonerate him. It has been held in our own state that the liability of an innkeeper, while not precisely the same, is analogous to that of a common carrier, and that the reasons for the liability are the same. [Batterson v. Vogel 10 Mo. App. 235.] In this case the court said: "The case of the innkeeeper is this: He is prima facie liable for the loss of his guest. He may show that he was diligent and that the guest was negligent; but, though ever so diligent, he is liable for the loss of goods of his guest not arising from the negligence of the guest, the act of God; or public enemies." We have found no case in this state that tends to run counter to the rule as laid down in the Batterson case, hence that seems to be our rule.

Defendant urges that plaintiff's baggage was never *infra hospitium*, that is, in the care and under the custody of the innkeeper, and that, therefore, no liability attached. As stated, the fact that plaintiff was a guest is not questioned. He had put his baggage where it was customary to put baggage while a guest was registering and seeing about a room. Plaintiff did not register immediately after setting his grip by the bell boys' bench, but would have then had there been a room. He was told there would be a room, and he waited for the room. His baggage was where it should have been at least up to the time he asked for and failed to get a room.

In Read v. Amidon, 41 Vt. 15, 98 Am. Dec. 560, plaintiff laid down a pair of gloves and lost them, and discussing the case the court said: "When the plaintiff entered the inn, and took off his overcoat and gloves, he did not deliver them to the defendant or to any of his servants, nor call the defendant's attention to them,

but folded up his coat, and laid it on a bench in the room, with his gloves under it. It does not appear that the defendant had any knowledge of their being there. Story, in his work on bailments, says a delivery of the goods into the custody of an innkeeper is not necessary to charge him with them; for although the guest doth not deliver them, nor acquaint the innkeeper with them, still the latter is bound to pay for them if they are stolen or carried away. The loss will be deemed prima facie evidence of negligence. The innkeeper, however, may be exonerated in divers ways; as, for example, by showing that the guest has taken upon himself exclusively the custody of his own goods, or has by his own neglect exposed them to peril. [Story on Bailments, sections 478, 480, 483; 2 Kent's Com. 593; 8 Barn. & C. 9; 5 Term. Rep. 273.] The guest is not relieved from all responsibility in respect to his goods on entering an inn; he is bound to use reasonable care and prudence in respect to their safety so as not to expose them to unnecessary danger of loss. Whether the plaintiff was so careless, in laying down his gloves in the manner he did, as to exonerate the innkeeper of fact to be determined by the jury, in view of all the circumstances.'' [See, also, Maloney v. Bacon, 33 Mo. App. 501; Labold v. Southern Hotel Co., 54 Mo. App. 567.]

The Vermont case is quite similar to the facts of the instant case. There the guest laid his overcoat with his gloves under it, on a bench in the room. He did not call attention to the fact that his gloves and overcoat were on the bench, and the innkeeper did not know such fact, yet the gloves were *infra hospitium* and likewise was plaintiff's grip in the case at bar. Should plaintiff's negligence bar recovery as a matter of law? Defendant did not plead contributory negligence, but merely a general denial. But notwithstanding that contributory negligence is not pleaded, yet under the rule as laid down in Batterson v. Vogel, supra, if plaintiff's negligence was the cause of the grip being lost he cannot recover. Plaintiff's familiarity at defendant's hotel

no doubt contributed to his lack of attention to his baggage, and perhaps gave him a feeling of security that a stranger might not have had, but plaintiff is to be considered as he was. We do not think that plaintiff's negligence was any more than a question for the trier of the facts, and therefore we decline to sustain appellant on this feature.

Defendant complains about a refusal of a declaration of law asked. We have examined this declaration and find when analyzed it is a premptory direction to find for defendant, and it was properly refused. The judgment below is affirmed.

*Farrington, J.,* concurs; *Sturgis, P. J.,* dissents in a separate opinion.

STURGIS, P. J.—The authorities all hold that a guest cannot hold the innkeeper liable for the loss of his baggage if the guest's negligence contributed to such loss. The innkeeper is an insurer only where the guest is not negligent in respect to his loss. The guest cannot recover if his negligence enters into the loss and the negligence on the part of the guest which will defeat his recovery is the want of that ordinary care which a reasonably prudent man would take under the circumstances of the case. [22 Cyc. 1083, 14 R. C. L. 533.] In Fowler v. Dorlon, 24 Barber, 384, the common law rule is stated to be that gross negligence need not be shown. "It is enough to exonerate the innkeeper, if the guest has, by his own neglect or imprudence, exposed his goods to peril." In Batterson v. Vogel, 10 Mo. 235, 239, the court said: "The question is, whether the loss would or would not have happened if the plaintiff had used the ordinary care that a prudent man might reasonably be expected to have taken under the circumstances." For other cases asserting this doctrine see the editorial notes in 6 L. R. A. 486; 28 L. R. A. N. S. 499; 99 Am. State Rep. 595; 13 English Ruling Cases, 126; Kelsey v. Berry, 42 Ill. 469; Hadley v. Upshaw, 27 Tex. 547.

Some of the cases say that the question of the guest's contributory negligence is *always* one for the jury but no reason is anywhere suggested why the usual rule as to contributory negligence does not apply. Certainly if the plaintiff in making his case admits by his own evidence the facts showing his contributory negligence and such facts so clearly and unmistakably establish contributory negligence that reasonable minds cannot differ then the question is one of law and the court should direct a verdict for the defendant. This rule is so universal that citation of authorities is unnecessary.

If the rule of law stated means anything and hotel keepers are not insurers even where the guest is clearly negligent in causing or helping to cause the loss, then plaintiff cannot recover in this case. The plaintiff's evidence is that on entering this large hotel thronged with people at all times and where attendants were present to take and care for hand baggage of guests, he placed his hand grip in a public place and not where such baggage was usually placed for safe keeping. The most that plaintiff claims is that he had seen the hotel attendants (bell boys) place baggage of other guests there. This other baggage was such as had been delivered to such attendants and was in their charge temporarily while the guest was registering, waiting for a room or some such cause. In such case the baggage was in charge of an attendant who knew to whom it belonged and who would care for it till sent to the guest's room or other disposition made thereof. The plaintiff, however, did not call the attention of any attendant to his hand bag, but set it down without anyone connected with the hotel knowing of his doing so or to whom it belonged. The plaintiff was an experienced traveler and well acquainted with this hotel and its methods and facilities of caring for the hand baggage of the guests. He knew not only that attendants were there for the purpose of taking temporary charge of all such baggage, but that an easily accessible check room was maintained in the hotel lobby close to the clerk's desk for the very purpose of receiving and taking care

of such baggage in case it was not promptly sent to the guest's room. The plaintiff not only neglected to avail himself of these facilities for having his baggage cared for, but neglected to inform anyone that he had baggage or that he intended to leave it there. No one knew to whom it belonged, and it was left to be taken by anyone through accident, mistake or on purpose. The plaintiff so left it in the public lobby from noon till ten o'clock at night, knowing that no room had been assigned to him, and when he returned to the hotel at six o'clock in the evening to make further inquiry as to getting a room he did not even look to see or make inquiry if his baggage was there. Certainly the defendant hotel had provided every reasonable means for caring for the baggage of the guests, all of which were familiar to plaintiff and of which he could avail himself without cost or inconvenience.

In the Vermont case of Read v. Amidon, 41 Vt. 15, the hotel was a small one and had provided no check room for or attendants to look after a guest's personal belongings. The guest left the gloves which he lost with his overcoat and there was no other place provided for such effects than where they were left. The court there expressly states that the innkeeper will not be liable for loss of the guest's goods when such guest "has by his own neglect exposed them to peril." In Labold v. Hotel Co., 54 Mo. App. 567, the court held the guest not negligent in failing to avail himself of a check room provided for the safe keeping of hats and articles while such guest was in the dining room. That, however, is quite different from leaving a grip on the overcoats of guests but it was shown that the guest entrusted his hat and overcoat to the care of an attendant of the hotel whose business it was to care for such floor of a public hotel lobby for nearly twelve hours unknown to anyone connected with the hotel which has attendants to take charge of same and a convenient check room for the safekeeping of such articles.

If plaintiff's own evidence does not show him guilty of negligence in exposing his hand grip to peril without

the slightest excuse for so doing, I do not know what he could have done that would be negligence. Plaintiff has no one to blame for his loss except himself and should not be allowed damages. The judgment should be reversed.