## CORRIGAN et al. v. SAN MARCOS HOTEL CO.

### No. 12410.

United States Court of Appeals
Ninth Circuit.

June 1, 1950.

Kramer, Morrison, Roche & Perry, Burr Sutter, Phoenix, Ariz., for appellants.

Cunningham, Carson, Messinger & Carson, Phoenix, Ariz., for appellee.

Before DENMAN, Chief Judge, and ORR and POPE, Circuit Judges.

ORR, Circuit Judge.

Appellant, Mrs. Corrigan, while a guest at the San Marcos Hotel at Chandler, Arizona, had a coat valued at $10,000, which she had left in a powder room, stolen therefrom. She brought suit in the trial court for the recovery of the insured value thereof. The action was brought under the Arizona innkeepers' liability act.[1] The trial court found in favor of the hotel company on the ground that the loss of the coat was occasioned by the negligence of the owner. Appellants challenge the correctness of the finding of negligence because, as they assert, all the evidence, viewed in the light most favorable to the appellee, fails to disclose any negligence on the part of appellant, Mrs. Corrigan, that would excuse appellee from the liability imposed upon it by the Arizona statute. Mrs. Corrigan occupied a detached guest cottage at the hotel. She ate her meals

1. The Arizona Code Annotated 1939, § 62-304, provides in part as follows: "An innkeeper is liable for all losses of, or injuries to, personal property placed or left by his guests under his care, unless occasioned by * * * the negligence of the owner * * *."

in the main dining room. Between the lobby of the hotel and the dining room is a hallway. On this hallway is an entrance to a powder room, which said entrance can be reached from the lobby, the dining room or the kitchen. The powder room is about 15 by 20 feet in size and contains a rack seven feet long from which hangers are suspended. To the left of the door of the powder room, as exit therefrom is made, a sign is prominently displayed reading: "Not responsible for articles left here. [Signed] San Marcos." The policy of the hotel was to provide attendants to check and care for articles deposited in this room on special occasions such as dances which were held in the hotel from time to time. At other times the room was unattended.

About 7:15 of the evening of February 15, 1948, appellant walked from the cottage she was occupying to the main hotel building for the purpose of dining. She wore the expensive mink coat. Before entering the dining room she hung the coat in the powder room. After finishing dinner she returned to the lobby and visited with friends until 10:15 p.m. She then went to the powder room to get her coat and discovered that it had been stolen. The hotel social director had warned appellant and other hotel guests previously that it was not safe to leave valuable coats in the powder room. The manager testified that a few of the guests customarily left their coats in that room while dining but that other guests took theirs into the dining room. There is no evidence that the hotel provided a separate check room for the use of guests. The district court found that facilities were provided to the rear of the hotel desk for the safekeeping of guests' property. The evidence would indicate that such facilities were no more than those suitable for keeping money, jewelry, documents and other articles of small compass.

The foregoing statement embraces the salient facts of the case and we are required to determine whether the trial court's finding of negligence based on such facts is error. We think the evidence of negligence is substantial and supports the judgment. A clear inference could be reasonably drawn by the trial court that Mrs. Corrigan did not exercise ordinary care in protecting her coat from theft. The lady was careless and negligent in leaving a $10,000 mink coat in a powder room to which all guests and visitors of the feminine sex had access, and entrance to which could be had from the public lobby, public dining room and hotel kitchens. It presented an open invitation to the criminally inclined to steal it. The posting of the notice and the warning given by the hostess, together with the open temptation and invitation to steal, which an ordinarily prudent person should have foreseen, constituted a sufficient warning to appellant, Mrs. Corrigan. Custom of guests in leaving coats in the powder room is relied on but a negligent act does not lose its character because customarily performed. A number of cases are cited by appellants in support of their contention that Mrs. Corrigan was not negligent in leaving her coat on the hanger provided by the hotel in the powder room.[2] The cases do no more than apply the rule that negligence is a question of fact to be determined by trier of fact.

It is urged that by providing a seven-foot coat rack in the powder room and by failure to make available checking facilities other than behind the desk the hotel extended an invitation to lady guests to leave coats in the powder room and thereby became as liable as though the coat

2. Landrum v. Harvey, 1922, 28 N.M. 243, 210 P. 104; Smith v. Wilson, 1887, 36 Minn. 334, 31 N.W. 176, 1 Am.St.Rep. 669; Cunningham v. Bucky, 1896, 42 W. Va. 671, 26 S.E. 442, 35 L.R.A. 850, 57 Am.St.Rep. 878; Watson v. Loughran, 1901, 112 Ga. 837, 38 S.E. 82; Maxwell I Operating Co. v. Harper, 1918, 138 Tenn. 640, 200 S.W. 515, L.R.A.1918C, 672; Swanner v. Conner Hotel Co., 1920, 205 Mo.App. 329, 224 S.W. 123; Norcross v. Norcross, 1865, 53 Me. 163; Burrows v. Trieber, 1864, 21 Md. 320.
Appellee cites:
Fuller v. Coats, 1868, 18 Ohio St. 343; Read v. Amidon, 1868, 41 Vt. 15, 98 Am.Dec. 560.

had disappeared from the guest's room or other place reserved for the property of guests. The size of the rack is explained by the use to which it was put when public functions were held, at which time an attendant was present to safeguard the property left in the room. Mrs. Corrigan must have been aware of this custom because the evidence discloses that she had spent several seasons as a guest of the hotel. Negligence is said to be the failure to do what a reasonably prudent person would ordinarily have done under existing circumstances. Mrs. Corrigan failed to do just that. And in saying this we have in mind the surrounding circumstances of time, place and persons, and while the hotel company could not alone limit its statutory liability by placing the sign in the powder room, the sign, the warning and the surrounding situations were sufficient to have required a reasonably prudent person to have acted otherwise.

Prevailing custom followed in negligent disregard of the plain warnings of the hotel which results in loss to the guest cannot increase the liability of the hotel. To so hold would place a business hazard on hotel operators in Arizona which the Legislature of that state in enacting § 62-304 did not intend.

Judgment affirmed.