EBEN H. SPRING *vs.* FREEMAN S. HAGER & another.

Franklin. Sept. 20. — Oct. 21, 1887. C. ALLEN & HOLMES, JJ., absent.

If a guest at an inn, upon retiring for the night, locks the door of his room, but omits to fasten it with a bolt, such omission, if the existence of the bolt is unknown to him, and his attention is not called to it by the innkeeper, is not such negligence as will preclude him from maintaining an action against the innkeeper for the value of his property stolen from the room during the night.

TORT against the keepers of an inn, called the Elm House, in Greenfield, for the value of a watch, chain, and a sum of money, alleged to have been stolen while the plaintiff was a guest at the inn. Trial in the Superior Court, before *Barker*, J., who allowed a bill of exceptions, in substance as follows:

The plaintiff, who was a grain-dealer, about fifty years of age, and lived in Erving, came to Greenfield to attend court, as one of the grand jurors. On the first day of court, at noon, he registered as a guest at the Elm House, having on his person a gold watch of the value of about $100, and a gold watch-chain of the

value of about $40. The watch was carried in the watch pocket of his waistcoat, and the chain was attached to the waistcoat; and he had in the pocket of his trousers $15 or $20 in money. It was admitted by the defendants, at the trial, that the watch and chain were articles worn or carried on the person, and were reasonable in value and amount, and that the money was for travelling expenses and personal use.

On the evening of that day, about half-past nine, the plaintiff was shown to his room by one of the defendants, who left with the plaintiff a glass kerosene lamp, such as is commonly used in country hotels. There was no gas or other light in the room. On the walls of this room were a large number of pictures of noted singers and actresses and performers, such pictures as are distributed for advertisements. The room was about ten feet wide and fifteen feet long, and had but one door. The plaintiff took the lamp from said defendant, and, as soon as the defendant left, closed the door and locked it, but did not bolt it. The lock was a common mortise lock connected with the door knob. After locking his door, the plaintiff looked at the pictures on three sides of the room, and prepared to retire. His waistcoat, with the watch in it and the chain attached, he laid upon a light stand on the farther side of the bed from the door, and near the head of the bed; his trousers containing the money he laid upon a chair, and retired. When he awoke in the morning, it was found that, during the night, the lock on the door had been picked, the room entered, and the trousers and waistcoat carried away by some person unknown. The waistcoat was soon found in the hallway, and the trousers were found in the street at some distance from the hotel, and the watch and chain and the money had been stolen. The door to the room was found to be slightly open.

It appeared that there was a bolt on the inside of said door, about six inches from the top. This bolt was about four inches long and one half-inch in diameter. The door was about six feet six inches high, and opened into the room. The plaintiff did not fasten the door with this bolt, and his attention was not called by the defendants or by any one else to the bolt; and he testified that he did not know it was there until after the robbery.

*o*

One of the defendants testified that the plaintiff told him, the day following the plaintiff's loss, that he, the plaintiff, did not bolt said door, that he did not think of it; and another witness, called by the defendants, testified that the plaintiff said, on the same occasion, that he did not see said bolt. The plaintiff denied that he made either of these statements.

The plaintiff testified, on cross-examination, that he had travelled considerably, and had stopped at hotels on numerous occasions; and that his habit had always been on such occasions, when there were both a bolt and a lock upon the door of his room, to use both the bolt and the lock.

The defendants contended that, upon the evidence, the plaintiff must have seen the bolt; that the plaintiff's loss was attributable to his failure to bolt the door in addition to locking it; and that such failure was such negligence on his part as to exonerate the defendants from liability to the plaintiff. There was no contention on the part of the defendants that there was any negligence on the part of the plaintiff except his failure to bolt the door.

The plaintiff requested the judge to instruct the jury as follows: "1. The plaintiff having locked the door of his room, his failure also then to bolt the door was not such negligence on his part as would preclude his recovery in this action. 2. The failure of the plaintiff to bolt the door of his room after having locked it, if said bolt was not known to the plaintiff, nor his attention in any way called to the same, was not negligence on his part, and will not preclude the plaintiff from recovery in this action."

The judge declined to give the instructions requested, but submitted to the jury, as a question of fact for them to determine, whether the failure of the plaintiff to bolt his door in addition to locking it was negligence on his part to which the loss was attributable, with appropriate instructions, not objected to, defining negligence on the part of the plaintiff, and its effect on the case.

The jury returned a verdict for the defendants; and the plaintiff alleged exceptions.

*C. C. Conant & S. D. Conant*, for the plaintiff.

*J. A. Aiken*, for the defendant.

FIELD, J. The only negligence of the plaintiff which the defendants contended that the evidence proved, was the neglect of the plaintiff to bolt the door. The plaintiff locked the door by a lock connected with the door knob. The bolt was on the inside of the door, six inches from the top, and the door was "about six feet and six inches high." The plaintiff testified that "he did not know it was there until after the robbery." It does not appear that there were any regulations of the inn, which were posted in the room or anywhere else, or which were in any manner brought to the notice of the plaintiff, and it is conceded that the attention of the plaintiff " was not called by the defendants or by any one else to the bolt." The defendants contended, however, upon all the evidence, that "the plaintiff must have seen the bolt." The first request of the plaintiff for a ruling was, in effect, that his failure to bolt the door after having locked it was not such negligence as would defeat the action, even if he saw the bolt; and the second request was, in effect, that his failure to bolt the door after having locked it would not defeat the action, " if said bolt was not known to the plaintiff, nor his attention in any way called to the same." This second request raises the question whether it was the duty of the plaintiff to examine the door to see if there were other fastenings upon it besides the lock. It may be conceded that the bolt and lock together afforded greater security than either of them alone, and that, although the bolt was in an unusual place upon the door, it could easily have been seen if the plaintiff had searched for it.

The Pub. Sts. *c.* 102, § 16, provide that " An innholder against whom a claim is made for loss sustained by a guest may in all cases show that such loss is attributable to the negligence of the guest himself, or to his non-compliance with the regulations of the inn, if such regulations are reasonable and proper, and are shown to have been duly brought to the notice of the guest by the innholder." This provision was first enacted in the St. of 1853, *c.* 405, § 3, which was soon after the decision in *Berkshire Woollen Co.* v. *Proctor*, 7 Cush. 417; and, although this statute made some changes in the law, the clause that it is competent for an innkeeper to show that the loss is attributable to the negligence of the guest is only declaratory of the common law.

*Mason* v. *Thompson*, 9 Pick. 280. *Berkshire Woollen Co.* v. *Proctor, ubi supra. Elcox* v. *Hill*, 98 U. S. 218. *Oppenheim* v. *White Lion Hotel Co.* L. R. 6 C. P. 515. *Cashill* v. *Wright*, 6 El. & Bl. 890. *Morgan* v. *Ravey*, 6 H. & N. 265.

It has indeed been said that, " in the absence of notice of a rule of the inn to lock and bolt the door, the failure to do so is not legal negligence at common law." *Murchison* v. *Sergent*, 69 Ga. 206, 213. It has been often decided that not locking or fastening the door of a bedroom is not, as matter of law, negligence, but that this fact, in connection with others, may be evidence of negligence for the jury ; and the weight of modern authority is, we think, that the failure to lock or bolt the door of a lodging-room at an inn, when there is a lock or bolt upon it, is evidence of negligence for the jury. *Oppenheim* v. *White Lion Hotel Co., ubi supra. Spice* v. *Bacon*, 36 L. T. (N. S.) 896. *Herbert* v. *Markwell*, 45 L. T. (N. S.) 649.

At common law, " inn-keepers, as well as common carriers, are regarded as insurers of the property committed to their care, and are bound to make restitution for any injury or loss not caused by the act of God, or the common enemy, or the neglect or fault of the owner of the property." *Mason* v. *Thompson*, 9 Pick. 284.

The statutes have not changed the general nature of the liability of an innholder ; and, subject to the statutory provisions, he is liable to his guests in cases where no actual negligence on the part of himself or his servants is shown. It has been held that the burden of proof is upon the innholder to show that the loss was caused by the negligence of his guest. *Norcross* v. *Norcross*, 53 Maine, 163. The language of the Pub. Sts. *c.* 102, § 16, implies that this burden is upon the innholder. The case at bar is not, therefore, an action for negligence, and it may be doubted whether the rulings in such actions upon evidence of contributory negligence are in all respects applicable.

No case has been cited in which it has been held that the single fact that the plaintiff did not bolt his door, after having locked it on the inside, is sufficient evidence of negligence.

In *Spice* v. *Bacon*, and in *Herbert* v. *Markwell, ubi supra*, the jury must have found that the door was left unfastened either by bolt or lock.

In *Morgan* v. *Rarey*, 2 F. & F. 283, it is said that the plaintiff locked the door, but did not bolt it. In the same case, in the Court of Exchequer, 6 H. & N. 265, 266, it is said that "witnesses were, however, called, on the part of the defendants, to prove that the plaintiff had told them he had not locked the door." It was admitted that he did not use the bolt. There was a notice posted over the mantel-piece requesting "all visitors to use the night bolt," which the plaintiff admitted he saw, but said he did not read beyond the word "notice." Chief Baron Pollock, at *nisi prius*, left the question of negligence to the jury, but told "them at the same time that the guest was not bound to lock his bedroom door, &c." The verdict was for the plaintiff.

It must often depend much upon the circumstances of the case, the customs of the age and country, and the usages of the place, whether the plaintiff has been guilty of such negligence that the loss can be said to be attributable to it; and we cannot say, as matter of law, that, on the facts appearing in this case, if the plaintiff saw the bolt and did not use it, this was not some evidence of negligence to be submitted to the jury. The delivery of a key to a guest may be held to be an intimation to him that he is to use it in locking his door. The lock, however, is the only fastening which the guest can use when he is not in the room. A bolt, if seen, may itself suggest that it ought to be used. If, however, there are no regulations brought to the notice of a guest requesting him to bolt the door, and if it is not known to the guest that there is a bolt, and his attention is not in any way called to it, we are of opinion that the fact that, after locking his door with the key, he does not search for a bolt and find it, is not evidence of negligence on his part, and that the second ruling requested should have been given. See *Murchison* v. *Sergent, ubi supra; Batterson* v. *Vogel,* 10 Mo. App. 235.

*Exceptions sustained.*