64 N.J. Super. 357 (1960)
166 A.2d 169
NORTH RIVER INSURANCE COMPANY, PLAINTIFF-APPELLANT,
v.
TISCH MANAGEMENT, INC., DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued November 21, 1960.
Decided December 9, 1960.
*359 Before Judges CONFORD, FREUND and KILKENNY.
Mr. Marvin A. Sachs argued the cause for plaintiff-appellant (Mr. Harold D. Feuerstein, attorney).
Mr. Stanley G. Bedford argued the cause for defendant-respondent (Messrs. Mead, Gleeson, Hansen and Pantages, attorneys).
The opinion of the court was delivered by CONFORD, S.J.A.D.
Plaintiff paid the insurance claim of Mr. and Mrs. Louis Cohen for loss of Mrs. Cohen's mink coat while guests at the Traymore Hotel in Atlantic City December 24, 1957, and now, as subrogee, brings this action to recover for the loss against the defendant operator of the hotel on its common-law liability. The Law Division of the *360 Superior Court granted a motion for judgment in favor of the defendant at the end of the case, and plaintiff appeals therefrom.
Plaintiff's proofs were that the Cohens had been guests at the hotel since December 21, 1957, and that when they returned to the room on the evening of December 24, 1957 they discovered that the coat was missing from the hanger in the closet where it had been placed by Mr. Cohen. Defendant offered proofs concerning various notices, discussed more fully hereinafter, as to the availability of a hotel depository for valuables, purportedly in compliance with R.S. 29:2-2, as amended. The action of the trial court was predicated on the view that liability of the defendant depended upon either its status as bailee of the coat or its negligence leading to the loss. It concluded there was no showing of bailment, express or constructive, or of negligence, and therefore there was no liability.
The dismissal was not in accord with the law as we discern it from the authorities. It has long been a principle of English law, accepted by most American jurisdictions, that in the absence of statute an innkeeper is practically the insurer of the safety of property entrusted to his care by a guest, exoneration being had only by showing the loss was due to an act of God or the public enemy, or to the fault of the guest himself. 29 Am. Jur., Innkeepers, § 81, p. 67; Annotation, 9 A.L.R.2d 818, 819 (1950); see Heinz v. Leeds & Lippincott Co., 55 F.2d 829, 830 (3 Cir. 1932); cf. Bradley Livery Co. v. Snook, 66 N.J.L. 654 (E. & A. 1901). The coverage under the rule of articles brought by the guest into the room assigned him by the hotelkeeper without other or special act of entrustment or bailment, is implicit in the results of many of the cases cited in the Am. Jur. and A.L.R. citations above, as well as in the opinion in the Heinz case, supra. A specific example is Spring v. Hager, 145 Mass. 186, 13 N.E. 479 (Sup. Jud. Ct. 1887). Bringing the article into the guest's hotel room is a constructive entrustment of it to the hotelkeeper.
*361 Bradley Livery Co. v. Snook, supra, does not constitute divergent authority. It was there held only that a guest leaving his horse and carriage in an open shed outside an inn without calling the innkeeper's attention to the fact or leaving the equipment with his hostler does not show the express or implied bailment which is the theoretical basis for liability of the innkeeper generally. It is implicit in the opinion of the court (66 N.J.L., at p. 657) that the common-law rule of liability stated above would be cognizable in the ordinary instance of goods entrusted to the innkeeper by being brought within the premises by the guest.
Moreover, the very fact that our Legislature in 1907 chose to adopt a statute sharply restrictive of the liability of hotelkeepers to guests (see below), in common with most other American jurisdictions, see 9 A.L.R.2d 818, 826, supra, is strong evidence that the common-law rule of liability was previously regarded as obtaining in this State.
It is therefore clear that defendant was not absolved by mere failure of the plaintiff here to adduce evidence of the defendant's negligence.
It remains to be considered whether, as argued by defendant, the result below should be confirmed because of the application to the facts of the case of the special statute affecting liability of hotels to guests. R.S. 29:2-1 et seq., as amended by L. 1952, c. 145. We are not called upon, in this connection, to construe these provisions in extenso, as defendant's sole reliance thereon is placed upon its alleged compliance with R.S. 29:2-2, as amended. This provision, stemming from L. 1907, c. 183, ordains that whenever a hotelkeeper provides a safe or other depository for safekeeping valuables of types specified in the act, including furs, and "shall place, in a conspicuous position in the room or rooms occupied by such guests, a notice stating the fact that such safe or other depository is provided" in which the valuables may be deposited, and a guest neglects so to deposit the articles, the hotelkeeper is not liable for loss of the *362 property. If the goods are thus deposited the liability of the hotelkeeper for loss is limited to $500.
Defendant's principal dependence in this regard is upon a document which, according to its proofs, was left under the glass on a dresser in the hotel room at the time it was occupied by the Cohens. This paper is about 11 1/2 inches square. Commanding its top-center space, in the style of a title, is the prominent designation, "The Traymore Directory." Adorning the upper left is a picture of the hotel, described as "Center of the Boardwalk, Atlantic City, N.J." In four columns, under prominent captions, are set out the featured facilities of the hotel: "Restaurants," "Beach and Pool Facilities," "Entertainment," "General Information," and "Traymore Shops," with sub-captions and pertinent information under each. What defendant relies upon is a box of about 2 1/2 inches in the lower right-hand corner of the "Directory," bearing the caption, "Notice to Guests," in type substantially less prominent than that of the five captions for featured facilities set forth in much more prominent positions elsewhere on the paper. This notice contains the statutory information concerning the availability of a "safe" and of the absence of liability of the hotel for valuables not left there.
The question before us is whether this notice satisfied the statute as a matter of law. We hold it did not. The "notice" constituted a minor appendage of what in primary purport was a hotel directory. A guest whose eye should be caught by this document might very well stop reading it as soon as he gathered its general import, if not interested therein, and before reaching the lower corner where the "notice" is set out. The express requirement in the statute that the notice be placed "in a conspicuous position" evidences an intent that the notice itself be conspicuous, and a serious question is presented as to whether this notice can be regarded as conspicuous, in the light of the diverting character of the main substance of the data on the paper on which it appears. Compare Apex Roofing Supply Co. v. *363 Howell, 59 N.J. Super. 462 (App. Div. 1960); Portage Shoe Mfg. Co. v. Reich, 53 N.J. Super. 600 (App. Div. 1959).
Statutes of the kind here involved, since in derogation of the common law, are required to be strictly construed, Annotation, 9 A.L.R.2d, op. cit., supra, at p. 827; 29 Am. Jur., Innkeepers, op. cit., supra, § 90, p. 74, and also to be strictly complied with, id., § 93, p. 77. In Heinz v. Leeds & Lippincott Co., supra, the New Jersey statute was held not satisfied by a notice contained in a booklet left in the hotel room.
We conclude it was for the jury here to decide whether the notice relied upon by defendant was such a notice as to meet the statutory requirement, and also whether the leaving of it on the dresser, rather than placing it upon a door or other prominent place which a guest would necessarily see when using or leaving the room, constituted the placing of the notice in a conspicuous position in the room.
Other warning notices relied upon in this case by defendant did not constitute compliance with the statute, whether because lacking in the full statutory information, not being left in the room, or not being placed in a conspicuous position therein.
Evidence of actual knowledge by the guest of the availability of a hotel depository and of the limited statutory liability, is, by the weight of authority, with which we agree, not an acceptable substitute for strict compliance with the statute as to notice by the hotelkeeper. Annotation, 9 A.L.R.2d, op. cit., supra, pp. 843-845; and see Heinz v. Leeds & Lippincott Co., supra (55 F.2d, at pp. 830, 831).
Reversed and remanded for a new trial.