85 N.J. Super. 330 (1964)
204 A.2d 709
ROSE PLATT, PLAINTIFF-RESPONDENT,
v.
NEW IRVINGTON HOTEL OF LAKEWOOD, INC., A NEW JERSEY CORPORATION, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 19, 1964.
Decided November 9, 1964.
*332 Before Judges CONFORD, KILKENNY and LEWIS.
Mr. Donald R. Sorkow argued the cause for appellant (Messrs. Sorkow and Sorkow, attorneys).
Mr. Bernard Shurkin argued the cause for respondent.
The opinion of the court was delivered by CONFORD, S.J.A.D.
Defendant appeals, by leave of this court, from the denial in the Law Division of its motion for summary judgment in an action by a former patron to recover for the loss of her fur coat while staying at defendant's hotel in Lakewood on February 6, 1963.
Plaintiff's two-paragraph complaint simply recited the disappearance of her mink coat from her hotel room in defendant's *333 premises when she was a "guest" (presumably at a charge), wherefore she demanded damages. Inter alia, the defendant's answer pleaded the exculpatory effect of N.J.S.A. 29:2-2. That statutory provision is to the effect that whenever a hotelkeeper provides a "safe or other depository" for safekeeping valuables of types specified in the statute, including furs, belonging to a guest, and "shall place, in a conspicuous position in the room or rooms occupied by such guests, a notice stating the fact that such safe or other depository is provided," in which such valuables "may be deposited," and a guest neglects so to deposit the articles, the hotelkeeper is not liable for loss of the property. If the goods are thus deposited the liability of the hotelkeeper for loss is limited to $500 unless the parties agree in writing otherwise.
Defendant made a motion for summary judgment, relying upon an affidavit dated November 29, 1963 by Charles Schoenfeld, "operator and manager" of the hotel on the day of the loss. Paragraphs 2 to 7, inclusive, of the affidavit read as follows:
"2. I am personally familiar with the location and physical setup of each of the rooms in this hotel and am in charge of the management and supervision of all rooms in this hotel.
3. It was reported to me that the plaintiff, Rose Platt, allegedly claimed the loss or theft of a coat from the room which she occupied on or about February 6, 1963, being room number 228, at this hotel.
4. I know of my own personal knowledge that on and before said date and during the complete occupancy by the plaintiff of said room, there was posted in a conspicuous position in said room a poster, attached hereto as Exhibit A, informing our guests that a safe or other convenient place is available as a depository for money, jewels, furs, etc, of said guests.
5. Said poster is located in the guests' room at eye level, being posted on the outside of the bathroom door. This door opens into the bathroom from the bedroom and this poster is at all times visible when coming into the bedroom or entering the bathroom. This becomes more obvious upon examination of diagram of said room number 228, attached hereto as Exhibit B.
6. This hotel did provide a safe or other depository within the hotel for the safekeeping of any money, jewels, furs, etc. as set forth in Revised Statute 29:2-2.
7. This affidavit is made for the purpose of presenting to the court facts to indicate that the defendant has complied with the Revised *334 Statute 29:2-2; that the fur coat was not delivered to the defendant and that the plaintiff is not entitled to recovery as a matter of law."
The notice-poster referred to was approximately 8 3/4 by 7 1/2 inches in size. It contained three headings at the top, reading successively as follows: (a) "NOTICE TO GUESTS"; (b) "NOT RESPONSIBLE FOR MONEY, JEWELRY, ETC., DEPOSITED IN EXCESS OF FIVE HUNDRED DOLLARS"; and (c) "A safe is provided in this hotel for the safe keeping of the following property belonging to guests: money, jewels, bank notes, precious stones, railroad tickets, ornaments, negotiable or valuable papers and furs." These several headings were printed in type of descending degree of prominence, in the order just stated, but we are satisfied that it could not be reasonably found that any of the headings are not prominently set out as against the background of the poster as a whole. The remainder of the poster consists of verbatim quotations, in relatively small print, of the texts of N.J.S.A. 29:2-2, R.S. 29:2-3, N.J.S.A. 29:2-4 and N.J.S. 2A:111-19. The last three statutory provisions deal with liability of hotels for property other than valuables, liability thereof for loss by fire or other force over which the proprietor has no control, and criminal liability for defrauding hotels.
In answer to interrogatories plaintiff said she did not know whether any notice of depository was posted in the room she occupied. She filed no affidavit in opposition to the motion.
It was agreed by the parties at the argument before us that at the hearing of the motion for summary judgment the only point of opposition made on behalf of the plaintiff was that the question of the conspicuousness of the place of posting of the notice was an issue of fact to be resolved at a trial. It was on that basis, moreover, that we granted leave to appeal. In her answering brief, however, plaintiff for the first time raised these additional contentions: (a) the affidavit of Schoenfeld does not allege particular facts supporting the conclusion therein that the hotel provided "a safe or other depository within the hotel for the safekeeping of any money, *335 jewels, furs, etc. as set forth in Revised Statute 29:2-2"; (b) a trial jury might properly disbelieve Schoenfeld's testimony that any notice was posted in the room on the day in question, and (c) the notice was legally deficient in not warning the guest that unless she turned the coat over for deposit the hotel would not be liable for loss thereof, the contention being that the statutory information to that effect on the poster was set out in print too small to be noticed by a guest.
Defendant urges, preliminarily, that the new contentions of the plaintiff ought not to be entertained for the first time on appeal. However, the rule which ordinarily precludes raising a point on appeal not urged in the trial court is aimed primarily at the unfairness both to the adverse party and the trial court of an effort by an appellant to obtain a reversal on grounds of error not asserted below. See Anderson v. Modica, 4 N.J. 383, 390 (1950). The policy implicated in that principle is not involved to the same extent when an appellate respondent attempts to uphold a determination in his favor on grounds not argued at trial level. This is not to say that a party opposing a motion for summary judgment, as here, should not advance all available grounds of resistance to the motion. For if plaintiff had done so in this case the Law Division judge might well have permitted defendant to amplify its proofs in respect of easily remediable deficiencies therein so as to bring to a head the meritorious question as to whether there was any material issue of fact genuinely in dispute.
In the present case, we conceive that the interests of justice call for consideration by us of any meritorious grounds of opposition to the summary judgment sought by defendant lest the policy of the rules against summary judgments when genuine factual issues are presented be thwarted. Cf. Devlin v. Surgent, 18 N.J. 148, 153 (1955). But under the circumstances and in fairness to defendant we have assumed original jurisdiction to the extent of permitting defendant to amplify its proofs to meet the newly asserted contentions *336 of plaintiff, subject to any answering proofs by plaintiff, just as though all such proofs had been adduced on the original motion.
Insofar as the question of the conspicuousness of the place of posting the notice is concerned, we perceive no genuine issue of fact. A notice of the size here involved posted in a hotel room at eye-level on the bathroom door visible on entering the room and squarely confronting the occupant on entering the bathroom must be held as a matter of law to have been posted in a conspicuous place within the intent of the statute. No jury could reasonably hold to the contrary. The most cursory reading of North River Ins. Co. v. Tisch Management, Inc., 64 N.J. Super. 357 (App. Div. 1960), and Heinz v. Leeds & Lippincott Co., 55 F.2d 829 (3 Cir. 1932), cited by plaintiff, discloses the entirely distinguishable factual situations with respect to the notices there relied upon by the hotelkeeper defendants.
We are, moreover, unable to perceive any substance in the issue raised by plaintiff regarding the content of the posted notice. While much of the data on the poster was not required by the statute to have been included therein, we do not agree with plaintiff that any of the contents were calculated to minimize, or divert the attention of the viewer from, the essential information required by the statute to be stated in the notice, i.e., the fact that the hotel provided a place for the safekeeping of valuables, furs, etc. That legend was, as noted above, prominently set forth on the poster. The remainder of the contents of the poster constituted information desirable and useful for a guest to have. It did not impair the functional operation of the notice in relation to the statutory intent.
Indeed, plaintiff argues it was essential under the statute that the notice inform the guest of the immunity of the hotel from liability should he not deposit the valuables in the depository provided, and that the defendant here failed to meet that requirement, notwithstanding that the poster cited and quoted the statute verbatim, because the smallness of the *337 print would prevent its engaging the attention of the guest. This argument falls with the observation that the statute does not require that the notice contain a statement of the statutory limitation of the hotelkeeper's liability, but only of the "fact" of the availability of the safe or depository for the purpose indicated.
In relation to the contentions that a trial jury could properly decline credence to the defendant's proofs that the notice was in fact posted in the plaintiff's room on the day of the loss and that a depository was in fact maintained for such property as plaintiff's fur coat, we quote the supplemental affidavits which we permitted the defendant to supply on the appeal, as indicated above. Charles Schoenfeld made the following supplemental affidavit dated October 23, 1964:
"1. By way of supplement to the Affidavit previously made by me on November 29, 1963, in the within cause, I submit the additional facts set forth below.
2. The poster attached to said Affidavit as Exhibit `A' is a copy of a poster which is posted in all rooms of the Hotel as a matter of course.
3. The building in which the plaintiff was a guest on February 6, 1963, was newly constructed and completed in the year 1962. Upon completion of the building, a checklist was prepared as to all the items necessary to be placed or installed in the rooms and this poster was included as an item on such checklist. All furnishings, items and posters were installed in the rooms of this building under my direct supervision.
4. All chambermaids employed by this Hotel have been instructed that while changing the towels and linen and checking on the number of towels remaining in each room each day, to also verify the existence of the depository poster in each room. This is part of the regular operating procedure of the hotel.
5. The above facts formed the basis of my knowledge that on or about February 6, 1963, there was posted in a conspicuous position in Room #228, the statutory notice attached to the aforesaid affidavit as Exhibit `A.'
6. It has always been the practice of this Hotel and on February 6, 1963, it was the practice of this Hotel, to have available for the use of our guests a depository for the safekeeping of furs of our guests.
7. This depository is the manager's office, which is located in the main building, near the registration desk. This office is shared by myself and my brother, Daniel Schoenfeld, who is also a co-manager *338 of this Hotel. Only my brother and I have a key to this office, which is locked at all times.
8. All desk clerks are instructed that when requested to provide a place for safekeeping of furs, said clerks are to contact my brother or myself. At least one of us is on the premises at all times.
9. Within this office, which has no windows but only the locked door, we maintain a clothes bar, which is convenient and adequate for the furpieces that we have been and are asked to safeguard for guests. At most times we have approximately three or four fur items, kept by us at the request of guests, on this clothes bar."
Mildred Evers, identified as chief housekeeper of the hotel as of February 6, 1963 and since, made an affidavit dated October 23, 1964, reading in part as follows:
"2. All chambermaids in this Hotel work under my direct supervision and did so work on February 6, 1963.
3. All chambermaids are instructed, and were instructed prior to and including February 6, 1963, to verify the existence of and replace, if necessary, on a daily basis, the posters referring to the safekeeping of valuables and furs. Said posters are posted in each and every room in the hotel.
4. I know of my own knowledge, after a loss of a fur was reported from Room #228 on or about February 6, 1963, that I did personally verify the existence of the notice referring to the depository available.
5. The basis for my aforesaid knowledge is a personal inspection of said Room #228 after said loss was reported, when I observed said notice posted on the outside of the bathroom door."
In the light of the foregoing sworn statements, and having in mind plaintiff's "don't know" answer to an interrogatory as to the presence of the notice in the room and the absence of any other refuting proofs, we think no genuine issue of fact can be said to be presented in relation to the matter of the existence of the posted notice in the room on the date in question. Were such proofs presented in oral testimony before a trial jury without contradiction, it would, in our judgment, in all the surrounding circumstances, be unreasonable for the jury to decide that the notice was not so posted.
As stated in the leading case of Ferdinand v. Agricultural Ins. Co. of Watertown, N.Y., 22 N.J. 482, 498 (1956), "where the uncontradicted testimony of a witness, interested *339 or otherwise, is unaffected by any conflicting inferences to be drawn from it and is not improbable, extraordinary or surprising in its nature, or there is no other ground for hesitating to accept it as the truth," the court may and should adjudicate the fact conformably with such testimony without submitting the issue to the jury. The Supreme Court in Ferdinand found the testimony of the plaintiff in that case, although uncontradicted, to be required to be submitted to the jury for appraisal of credibility because of a number of suspicious circumstances attending the factual background of the incident upon which the action was founded (alleged theft of jewelry for which plaintiff was suing on a floater policy), 22 N.J., at pp. 499-500. We find here no element of improbability, extraordinary circumstances, suspicion, or other ground for permitting the fact-finder to decide that the notice was not posted as sworn to by the manager and housekeeper of the hotel. There is thus presented no genuine issue of material fact in this particular regard. If the salutary purposes of determining issues by summary judgment in a proper case are to be fully served, there is no reason why the rule of the Ferdinand case quoted above should not be applied on a motion for summary judgment as well as at a trial.
We are constrained, however, to find a triable material issue of fact in relation to the question whether a suitable depository for safekeeping a fur coat was actually maintained by defendant at the time involved.
Were there no facts before us in the foregoing regard other than the contents of the supplemental Schoenfeld affidavit, no genuine issue of fact would be presented. However, the attorney for plaintiff has made and filed a reply affidavit concerning an inspection of the hotel premises and inquiry by him of a person in charge thereof on October 28, 1964, in the absence of the Schoenfelds, concerning a depository for fur coats of guests. Without detailing the contents of this affidavit, it tends to refute the assertion in the supplemental Schoenfeld affidavit that a clothes bar is and has been maintained within the locked office of the hotel as a depository *340 for guests' fur coats. While we do not commend the practice of counsel's interviewing an agent of an opposing party in the course of litigation without the knowledge or presence of opposing counsel, or of his making an affidavit in the cause of the results thereof, we cannot ignore the information laid before the court in this affidavit, since it bears materially upon the issue presented to us for adjudication. (We do not imply that everything set forth in the affidavit is necessarily competent evidence.) Even where the proofs preponderate for the moving party on a motion for summary judgment, the motion must be denied unless it can be said that it palpably appears that there is no genuine issue of fact to be tried. Frank Rizzo, Inc. v. Alatsas, 27 N.J. 400, 405 (1958).
It is obvious that the statute implicitly contemplates that any depository maintained for guests' valuables should be one whose location and supervision furnish reasonable assurance of security, particularly in light of the statutory limitation of liability for deposited articles to $500.
The cause will be remanded to the Law Division for trial only of the issue as to whether a suitable depository was maintained by defendant for safekeeping a guest's fur coat on February 6, 1963, and, in the event of a negative conclusion thereon, determination of plaintiff's damages. See R.R. 4:58-4. In the event of an affirmative decision at the trial on the issue specified, judgment will be entered in favor of defendant.
Judgment modified; costs to abide the event.