**George C. BISCHOFF and Lois A. Bischoff, Plaintiffs,**

v.

**DAYS INNS OF AMERICA, INC., Defendant.**

**Civ. A. No. 83–290–15.**

United States District Court, D. South Carolina, Columbia Division.

July 29, 1983.

Ray L. Derrick, Columbia, S.C., for plaintiffs.

William B. Harvey, III, Columbia, S.C., for defendant.

## ORDER

HAMILTON, District Judge.

This matter came before the Court for a hearing on July 21, 1983, upon Motion of the defendant, pursuant to Rule 56 of the Federal Rules of Civil Procedure, seeking an Order granting the defendant Summary Judgment on the ground that there is no genuine issue as to any material fact. In support of its motion, the defendant submitted the affidavit of Garrett Miller, who was at the time of the incident in question the manager of the Days Inn Motel on Parklane Road in Columbia, South Carolina. The plaintiffs failed to file opposing affidavits but, rather, chose to rely upon their depositions to establish a question of fact. The Court would call attention to Rule 56(e) which states in pertinent part as follows:

> When a motion for summary judgment is made and supported as provided in this Rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavit or as otherwise provided in this Rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

The facts of this case are not in dispute. The plaintiffs checked into their room at the Days Inn Motel on Parklane Road between 4:00 and 5:00 o'clock p.m. on June 11, 1982. They admittedly made no inquiry at the front desk concerning the safe storage of valuables and specifically did not request the use of the Inn's safe, which was available for such use at that time. At or about 5:15 p.m., the plaintiffs left their room to go to the pool located on the motel premises. Approximately 15 minutes later, the plaintiffs returned to their room to prepare for dinner. It was apparently during this 15-minute period that their room was entered by forced entry and the theft in question occurred. The theft of jewelry and cash out of Mrs. Bischoff's purse, which had been left in the motel room, was not discovered until several hours later. The plaintiffs acknowledge that there was evidence of forced entry into their room, and there is no allegation of any involvement by agents or employees of the defendant.

There was available at the front desk of this Days Inn Motel a safe to be used by the motel's guests for the safe storage of jewelry, money and other valuables. Notice of the availability of this safe was posted on the inside portion of the entrance door to the plaintiffs' room at approximately eye level. This notice states in pertinent part as follows:

### SAFETY & SECURITY SERVICES

Your safety, and the security of your personal property, are of the utmost concern to your innkeeper.

We call your attention to the following services:

### STORAGE OF VALUABLES

Do not leave money or valuables in your room. Your innkeeper will provide storage at the front office at no charge. State Law limits your innkeeper's responsibility for loss unless valuables have been properly secured in this manner.

The plaintiffs both acknowledged at deposition the presence of this notice on the inside portion of the entrance door to their room prior to the alleged theft. They nevertheless made no request to use the safe for the storage of their valuables, allegedly comprised of jewelry worth in excess of $15,000.00, and $400.00 in cash.

■ Section 45–1–40 of the South Carolina Code of Laws (1976) limits the liability of an innkeeper for the loss of a guest's money, jewels and other personal property.

> "Innkeeper" as used in this section shall mean the provider of any hotel, inn, boarding house, motor court, or motel where beds or lodging are for hire. Whenever an innkeeper shall post and keep posted in a conspicuous manner in the room occupied by any guest a notice requiring such guest to bolt the door of his room, or on leaving his room to lock the door and leave the keys at the office, and also to deposit such money and jewels

as are not ordinarily carried upon the person in the office safe, and the guest shall neglect to comply with the requirements of such notice, the innkeeper shall not be liable for the loss of any baggage of such guest which may be lost or stolen from his room or for the loss of any money or jewels not deposited in the safe. . . .

The plaintiffs contend that this statute is inapplicable to the present case since the jewels stolen from the plaintiffs' motel room consisted of four diamond rings and, therefore, did not constitute "jewels as are not ordinarily carried upon the person . . ." as set forth in the statute. This Court disagrees. To hold this statute inapplicable to the loss or theft of precious stones simply because they are in the form of jewelry which may be worn upon the person or clothing of the motel guest would be to render the practical effect of this statute a nullity. This Court holds as a matter of law that the statute above is applicable to the present case.

 The plaintiffs further question the conspicuousness of the notice in the plaintiffs' room concerning the availability of the safe. The plaintiffs testified at deposition that the notice was located on the inside portion of the entrance door to their room. The Affidavit of Garrett Miller establishes that this notice was located at approximately eye level. This fact is undisputed. The notice states in large, bold type that it concerns safety and security services and the storage of valuables at this motel. This Court holds as a matter of law that this notice was posted in a conspicuous manner as required by the statute. *North River Insurance Co. v. Tisch Management, Inc.,* 64 N.J.Super. 357, 166 A.2d 169 (1960).

At deposition, the plaintiffs testified under oath that they made no attempts whatsoever to take any security precautions with their money and jewelry. By their own testimony, they neglected to comply with the requirements of the notice posted in their room. This is precisely the factual situation contemplated by the limitation statute. *Jones v. Savannah Hotel Co.,* 141

Ga. 530, 81 S.E. 874 (1914). The Court therefore holds that there is no genuine issue as to any material fact and that the defendant is entitled to judgment as a matter of law. The defendant's Motion for Summary Judgment is granted and this action shall be forever dismissed with prejudice.

AND IT IS SO ORDERED.