**George COOK, d/b/a G.H. Cook Company, Plaintiff/Appellant,**

v.

**COLUMBIA SUSSEX CORP., Defendant/Appellee.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

Dec. 28, 1990.

Permission to Appeal Denied by Supreme Court April 8, 1991.

Mary Parker, Stephen Crofford, Nashville, for plaintiff/appellant.

Jacqueline B. Dixon, Nashville, for defendant/appellee.

OPINION

CANTRELL, Judge.

The plaintiff, George Cook, sued the defendant, Columbia Sussex Corporation, the operator of a Days Inn Hotel in Nashville, for damages resulting from a theft from the plaintiff's room at the hotel. At the conclusion of the plaintiff's proof, the trial judge directed a verdict in favor of the defendant, holding (1) that compliance with certain statutory provisions shielded the hotel from liability and (2) that the plaintiff had failed to show a breach of the standard of care on the part of the defendant. We reverse the decision of the court below and remand the case for a new trial.

In August of 1987, the plaintiff lodged at the Days Inn Central while in Nashville attending a trade show. On the third day of his stay, Mr. Cook's room was burglarized. When he returned to his room, he found $174 in cash and $10.90 worth of medicine missing. By far, however, the most important things missing were copies of orders for 225 cases of Mr. Cook's product representing sales he had made at the trade show, and representing $17,336.25 in profits to his company.

Mr. Cook sued the owner of the hotel alleging both ordinary and gross negligence. At the close of the plaintiff's proof, the trial judge directed a verdict in favor of the defendant holding that the defendant had complied with Tenn.Code Ann. § 62–7–103 and 105. In addition, the trial judge held that the plaintiff failed to establish a standard of care for a reasonably prudent innkeeper.

### A. The Standard of Care

We would like to address the issues considered by the trial judge in the reverse order, taking up first the issue of the hotel keeper's liability for goods stolen from a guest's room. We note that in the court below the plaintiff did not plead or argue the strict English rule which makes an innkeeper almost an insurer of the goods of his guests except as to losses occasioned by an act of God or public enemies. *See Man-*

*ning v. Wells*, 28 Tenn. 746 (1849). Instead, the plaintiff argued that the defendant was negligent based on the principles announced in *Zang v. Leonard*, 643 S.W.2d 657 (Tenn.App.1982), an action for personal injuries inflicted by the criminal acts of an intruder on the motel property.

In *Shepherd Fleets, Inc. v. Opryland, U.S.A.*, 759 S.W.2d 914 (Tenn.App.1988), a case involving an automobile outside the hotel but under the control of the defendant, this Court traced the application of the strict English rule in this state with respect to a guest's property in the exclusive control of the hotel. The Court noted how the rule was different as to personal injuries sustained by the guests. The Court said:

> The innkeeper is 'practically an insurer' (liable without fault) of personal property of a guest 'infra hospitium'. However, the innkeeper is not in a like position in regard to the person of the guest; and the liability of the innkeeper is eliminated or sharply limited as to valuables and baggage by T.C.A. § 62–7–103, 104, 105, 106. This is a subject which merits legislative investigation and action.

■ We think the only question remaining is whether the goods of a guest kept in his room are under the exclusive custody of the innkeeper for the purpose of the application of the strict rule of liability. We are persuaded that the rule applies to goods kept in the guest's room, as well as to goods delivered to the innkeeper for safekeeping, unless the rule has been changed by statute. We discuss the Tennessee statutes in the next part of this opinion.

For the purpose of finding the extent of the application of the general rule, however, we note that the term "infra hospitium" has been used in many of the cases to describe the relationship of the innkeeper to the goods that gives rise to the standard of strict liability. *See supra, Shepherd Fleets*, and the cases cited therein. "Infra hospitium" means simply "within the inn". *Black's Law Dictionary*, 4th Ed. (1957). Several of the Tennessee cases deal with items of personal property stolen from a guest's room. In *Rains v. Maxwell House Co.*, 112 Tenn. 219, 79 S.W. 114 (1903), a watch and fob disappeared from the room of a guest. The Court stated:

> The common law, as well understood, is that an innkeeper is an absolute insurer of the property of his transient guests, and under that rule the hotel company would be liable in this case.

112 Tenn. at 223, 79 S.W. 114.

Although the Court ultimately held that the Tennessee statutes relieved the defendant of liability, the Court clearly applied the strict rule to goods left in the guest's room. *See also, Meacham v. Galloway*, 102 Tenn. 415, 52 S.W. 859 (1899); *Manning v. Wells*, 28 Tenn. 746 (1849); *North River Ins. Co. v. Tisch Management, Inc.*, 64 N.J.Super. 357, 166 A.2d 169 (App.Div. 1960) (Bringing the article into the guest's room is a constructive entrustment of it to the hotel keeper.). The results in these cases are consistent with the general rule as stated in 43A C.J.S. *Inns, Hotels and Eating Places*, § 41B (1978):

> Unless so required by statute, it is not requisite to the extraordinary liability of an innkeeper that property of the guest should be placed in the special keeping of the innkeeper or that he be given exclusive possession or complete dominion over it. It is generally sufficient if the property is in the inn under the general and implied care and control of the innkeeper. Thus, unless the guest assumes the exclusive control and possession of the property, it is deemed to be within the custody of the innkeeper so as to render him responsible therefor where it is in the room of the guest, or where it is in a room or place in the inn provided or customarily used for the reception or keeping of articles of the class to which it belongs.

We conclude, therefore, that the law imposes on an innkeeper the highest standard of care—strict liability—for the safekeeping of the personal property of a guest in the inn, where the property is in the exclusive custody of the innkeeper or is in the innkeeper's constructive custody by virtue of being in the guest's room.

## B. The Tennessee Statutes

■ The Legislature has given innkeepers a measure of protection from the strict rule of liability by enacting the following statutes:

**62–7–103. Safekeeping of valuables—Liability for loss.**—When the proprietor of any hotel or inn provides a safe in the office in such hotel or inn, or other convenient place, for the safekeeping of any money, jewels or ornaments belonging to the guests of such hotel or inn, or for any samples of merchandise of any kind carried by drummers or commercial travelers, and notifies the guests thereof by posting a notice (stating the fact that in such safe or other convenient place money, jewels, ornaments or samples may be deposited) in the rooms occupied by such guests, in a conspicuous manner, and if such guests neglect to deposit such money, jewels, ornaments or samples of merchandise in such safe or other convenient place, the proprietor is not liable for any loss of such money, jewels, ornaments or samples of merchandise sustained by such guest, by theft, or otherwise.

**62–7–104. Restriction on liability for losses from safe.**—The liability of the hotel or innkeeper for the safekeeping in the safe or other convenient place as provided in § 62–7–103 shall be limited to an amount not exceeding three hundred dollars ($300), unless a written contract is entered into providing a greater liability between the guest and the proprietor of the hotel or inn. The notice required to be posted by the proprietor of the hotel or inn in a conspicuous manner in the rooms occupied by such guests shall contain a recitation of the limitation of liability as herein provided, and the provision of greater liability being dependent upon a written contract between the proprietor and the guest.

**62–7–105. Checkroom—Liability for loss.**—When the proprietor of any hotel or inn provides a checkroom or other convenient storage place in his building for the checking, storage and safekeeping of the personal baggage, other than money, jewels, ornaments and samples of merchandise, carried by drummers or commercial travelers, or their guests, or those intending to become guests, and notifies the guests thereof by posting a notice in its lobby or office in a conspicuous manner that such checkroom or other storage place has been provided, should any guest, or person intending to become a guest, neglect to deposit any such personal baggage other than money, jewels, ornaments or samples provided for in §§ 62–7–103 and 62–7–104 in the checkroom or storage place, and leave such baggage in any other place than a room assigned to such guests, then the proprietor is not liable for the loss or theft thereof, unless the same was stolen by some employee of such inn or hotel; provided, that the hotel proprietor makes no extra charge for storing or checking property.

We do not think Tenn.Code Ann. § 62–7–105 is applicable to this case since the loss did not involve Mr. Cook's baggage. The effect of Tenn.Code Ann. § 62–7–103, however, is to shield the innkeeper from the loss of the goods and articles described in the statute if the innkeeper provides a place for safekeeping and notifies the guest of the availability of the safe place in the manner prescribed. *Rains v. Maxwell House,* 112 Tenn. 219, 79 S.W. 114 (1903). Compliance with Tenn. Code Ann. § 62–7–103 requires that the innkeeper post a notice in the guest's room "in a conspicuous manner" informing the guest of the safe or other convenient place where the articles described in the statute may be stored.

A copy of the notice in this case is attached as an appendix to this opinion. It is approximately six inches by three inches and in fine print. It starts out by reciting that state law requires rates to be posted in each room. At the beginning of the next paragraph, the word CAUTION appears in bold type followed by a disclaimer of liability. Then, the substance of the statutes are set out in the following paragraphs. The evidence shows that the notice was posted on the inside of the door leading into the guest room.

The trial judge held that the hotel had complied with the statutes. We do not think that conclusion can be drawn as a matter of law. Whether the notice is conspicuous is a question of fact for the trier of fact unless the facts are undisputed and reasonable minds could draw but one conclusion from the facts. *See Phillips v. Newport,* 28 Tenn.App. 187, 187 S.W.2d 965 (1945). We think reasonable minds could differ on whether the notice in this record attached to the inside facing of the door providing access to the guest's room satisfies the requirement of conspicuousness. Therefore, it is a question that should be decided by the jury. *See North River Ins. Co. v. Tisch Management, Inc.,* 64 N.J.Super. 357, 166 A.2d 169 (App.Div. 1960); *Heinz v. Leeds & Lippincott Co.,* 55 F.2d 829 (3rd Cir.1932); *Cf. Platt v. New Irvington Hotel of Lakewood, Inc.,* 85 N.J. Super. 330, 204 A.2d 709 (1964).

For the reasons stated above, we reverse the judgment of the trial court directing the verdict in favor of the defendant hotel. The cause is remanded to the Chancery Court of Davidson County for further proceedings consistent with this opinion. Tax the costs on appeal to the appellee.

TODD, P.J., and LEWIS, J., concur.

*Welcome to . . .*

# TENNESSEE

### HOTEL LAWS OF TENNESSEE
### RULES AND REGULATIONS

Regulation and Inspection of Hotels
Code of Tennessee and
Chapter 259, Public Code of 1937, and
Subsequent Amendments as of March 25, 1970

**62-7-101  Section 3.  Rates to be posted in each room; no advance without notice to inspector.** The person in charge of and conducting any hotel, shall post in a conspicuous place in each room thereof a card or sign plainly stating the price per day of each room, and in case the hotel is conducted on the American plan, the rate charged for meals. Such cards or signs shall be dated as of the day on which they are posted.

**CAUTION:** Guests of the Hotel are cautioned against leaving money, jewelry, or valuables of any description in their rooms. The Hotel will not be liable for them if stolen. Such articles must be deposited in the vault at the office. Check will be given for same.

**6680-3593.** When the proprietor of any hotel or inn shall provide a safe in the office in such hotel or inn, or other convenient place, for safe keeping of any money, jewels or ornaments belonging to the guests of such hotel or inn, or for any samples of merchandise of any kind carried by drummers or commercial travelers, and shall notify the guests thereof by posting a notice (stating the fact that in such safe or other convenient place money, jewels, ornaments, or samples may be deposited) in the room occupied by such guests, in a conspicuous manner, and if such guests shall neglect to deposit such money, jewels, ornaments, or samples of merchandise in such safe or other convenient place, the proprietor shall not be liable for any loss of such money, jewels, ornaments, or samples of merchandise sustained by such guests by theft or otherwise. (1879, Ch 145, 1921, Ch 49, Sec. 1 )

**6681. Innkeeper may provide check room for other personal baggage, and avoid liability for its loss; notice.** When the proprietor of any hotel or inn shall provide a check room or other convenient storage place in his building, for the checking, storage, and safe keeping of the personal baggage, other than money, jewels, ornaments, and samples of merchandise carried by drummers or commercial travelers, or his guests, or those intending to become guests, and notifies the guests thereof by posting a notice in its lobby or office in a conspicuous manner, that such check room or other storage place has been provided, should any guest, or person intending to become a guest, neglect to deposit any such personal baggage other than money, jewels, ornaments or samples provided for in the preceding section, in said check room or storage place, and leave such baggage in any other place than a room assigned to such guests, said proprietor shall not be liable for the loss or theft thereof, unless the same was stolen by some employee of such inn or hotel, provided said hotel proprietor make no extra charge for storing or checking property. (1921, Ch. 49, Section 2.)

**6682-3594. Intent to defraud is a misdemeanor; penalty.** Any person who shall at any hotel, inn or boarding house, order and receive, or cause to be furnished, any food or accommodation, with intent to defraud the owner or proprietor of such hotel, inn or boarding house out of the value or price of such food or accommodation; and any person who shall obtain credit at any hotel, inn, or boarding house, by the use of any false pretenses or device, or by fraudulently depositing at such hotel, inn, or boarding house any baggage or property of value less than the amount of such credit, or of the bill of such person who, after obtaining credit or accommodation at any hotel, inn, or boarding house shall surreptitiously remove his or her baggage or property therefrom, shall be guilty of a misdemeanor (1895, Ch. 67, Section 1 )

**6683-3595. Proof of fraudulent intent.** Proof that lodging, food or other accommodation was obtained by false pretense, or by false or fictitious show or pretense of baggage, or that the party fraudulently refused to pay for such food, lodging or accommodation, on demand, or that he absconded without paying or offering to pay for such food, lodging, or other accommodations, or that he surreptitiously removed or attempted to remove his baggage, shall be prima facie proof of the fraudulent intent mentioned in the previous section. (Ib , Section 2. Modified )

**6684-3596. Baggage may be sold.** At any time after thirty days after the person incurring such debt or obligation has left the hotel, inn, or boarding house, and the debt or obligation being still due and unpaid, the owner or proprietor of said hotel, inn or boarding house may sell, at public auction, for cash at the hotel or boarding house office, any or all baggage or property left at the said hotel, inn, or boarding house, necessary to satisfy said debt or obligation, without any process of law or equity, provided that sale shall be advertised by written or printed posters for at least ten days before said sale (Ib Section 3. Modified )

AM. HOTEL REG. CO , NORTHBROOK, IL 60062-7798          CPt 1029 TN